## Chesapeake & Ohio Railway Company v. Dean.

### (Decided November 10, 1914.)

### Appeal from Franklin Circuit Court.

1. Verdict—When Will Not Be Set Aside.—The verdict of a jury will not be set aside because the jury credited certain witnesses rather than others.
2. Railroads—Passenger Alighting From Train—Contributory Negligence.—A person who steps from a slowly moving passenger train as it is starting from a station is not per se guilty of contributory negligence. Whether he acted as a man of ordinary prudence might be expected to act under the circumstances is ordinarily a question for the jury.
3. Railroads—Assisting Passenger on Train.—A person who goes on a train to assist a passenger to get on with notice to the defendant of his intention may recover if the train is started without giving him a reasonable time to get off.

SHELBY, NORTHCUTT & SHELBY and IRA JULIAN for appellant.

SCOTT & HAMILTON and GUY H. BRIGGS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

John Dean brought this suit to recover for injuries which he received in alighting from one of the trains of the Chesapeake & Ohio Railway Company. According to his testimony the facts were these: He went on February 8, 1911, with his daughter, Mrs. King, to the station

at Frankfort for the purpose of helping her on the train. She had a baby eighteen months old and was in a delicate condition. When the train came and they left the waiting room to go to it they passed the conductor on the platform. Dean, who had the baby in his arms, told the conductor that he wished to go on the train with his daughter to carry the baby on for her; the conductor said: "All right" and went on. They went first to the back end of the ladies' car and were told then to go to the front end. This they did. A boy, who was carrying Mrs. King's valise, went in first, Mrs. King followed him and took the first seat that was vacant; her father followed her with the baby, handed the baby to her and immediately started out. When he got to the platform the train was in motion, and as he was going down the step the train gave a sudden jerk which threw him off of the train on the platform, breaking a bone in his shoulder and injuring his arm. His testimony as to what occurred between him and the conductor, and his promptly leaving the car is confirmed by the testimony of his daughter, Mrs. King.

On the other hand the proof for the defendant is to the effect that the train made the usual stop of three or four minutes; that he did not see the conductor or say anything to him, and that when he came out of the car he walked down the steps and put one foot on the platform and when he attempted to step off with the other foot, he struck one foot against the other and was thus thrown down. The jury to whom the case was submitted found for the plaintiff, fixing the damages at five hundred dollars. The court entered judgment on the verdict and refused a new trial. The defendant appeals.

The chief ground relied on for reversal is that the verdict is against the evidence. The weight of the evidence is with the defendant, but we can not say that the verdict is palpably against the evidence. A jury trial is guaranteed by the Constitution in this class of cases, and the right to a jury trial would be of little value if the verdicts of juries were disturbed simply because the jury credited one set of witnesses rather than another.

We do not see that there was any substantial error in the instructions of the court to the jury. The court in substance told the jury that if the defendant's agent in charge of the train had noticed that the plaintiff was going upon it to assist his daughter thereon and that he had no intention of taking passage on the train, and while

he was leaving it the train was started without giving him a reasonable opportunity to alight therefrom, and as a direct result of this he was injured, they should find for him; but that they should find for the defendant unless they believed from the evidence that the train was started without waiting at the station the usual length of time and that at the time the train started those in charge of it knew that the plaintiff was in the act of alighting.

The defendant asked the court to instruct the jury in substance that if the plaintiff after the train had started voluntarily stepped from it while in motion, and but for this would not have been injured, they should find for the defendant. This instruction was properly refused. While the rule announced in it obtains in some States it has not been adopted in Kentucky. The rule in Kentucky is that a person who steps from a slowly moving train and is injured is not as a matter of law guilty of contributory negligence and that he may recover if his conduct in so doing is that of an ordinarily prudent man under the circumstances. The train may be moving very slowly and it may seem to be entirely safe to step off. (See Bishop v. I. C. Railroad Co., 25 R., 1365; Lord v. Paducah City Railway, 29 R., 753; Sandlin v. Lexington Railway Co., 110 S. W., 375.)

While the instruction on contributory negligence might have been more specific the defendant did not ask this, and we are satisfied that the form of the instruction in no way affected the result of the trial.

Judgment affirmed.