## City of Louisville v. Heitkemper's Adminstratrix, et al.

### (Decided March 15. 1916.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First Division).

1. **Municipal Corporations—Negligence.**—Where the negligence of a municipality in permitting its streets to be in a condition, which was not reasonably safe for public travel, concurred with the negligence of the driver of an ice wagon, and caused an injury to a "helper," upon the wagon, the negligence of the driver can not be imputed to the "helper," as the driver was neither agent nor servant of the "helper."

2. **Municipal Corporations—Negligence.**—The negligence of the driver of an ice wagon, upon which a servant of the employer of the driver was riding, in the performance of his duites, will not excuse a municipality for an injury suffered by the servant, which, on account of the defective condition of the street and the rapid driving of the wagon, was caused by the concurring negligence of the driver, and the city, in permitting the street to be defective and when, but for the defective condition of the street, the injury would not have been suffered.

3. **Damages—Joint Tort Feasors.**—When two or more, by a joint tort, do damage to another, they are jointly and severally liable to him for all the damages he suffered.

4. **Municipal Corporations—Negligence.**—Where two causes combine to produce an injury to a traveller upon a highway, both of which are in their nature proximate, the one being a defect in the highway, and the other an occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained but for the defect.

PENDLETON BECKLEY and J. W. S. CLEMENTS for appellant.

BARRETT, ALLEN & ATTKINSON, EUGENE ATTKINSON, SAMUEL W. LICK and O'NEAL & O'NEAL for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

Bernard Heitkemper was an employe of the Arctic Ice Company, in the city of Louisville, and his duties

were those of a "helper" upon a wagon engaged in delivering ice to the patrons of his employer. James Conley was the driver of the wagon, and when it was in motion, Heitkemper stood upon a step, about one and a half feet from the ground, which was attached to the rear of the wagon, and secured his position by holding with his hands to some attachment upon the rear of the bed of the wagon. While engaged in the duties to which he was assigned, on the 4th day of February, 1914, the wagon was being driven by the driver at a rapid pace, and as it passed around the corner from Griffith avenue into Twenty-third street, at the intersection of these two streets, the wheels of the wagon upon one side dropped into a hole in the brick street, which caused a jolt, sufficiently violent to break the hold, which Heitkemper had upon the attachments at the rear of the wagon bed and by which he was holding on to the wagon, and he was thrown upon his back upon the street, and the force of his contact with the street rendered him unconscious. When he was taken up by two women and a man, who were near by, blood was dripping from his nostrils. After some moments, he regained consciousness and accompanied the driver, who, by this time, had discovered his fall and returned for him, to the wagon, and proceeded to the performance of his duties, but very soon complained of being sick and left the wagon, and returned to the place of business of the ice company, and going into the upstairs room of the stable, lay down upon the hay. After a short time two of the other employes of the ice company went to where he was and assisted him to come down, when he complained of being sick, and went staggering in the direction of his home. When he arrived at his home, he took a bed, and in a short time vomited up a considerable quantity of blood. He remained for several days in bed, when his eyes became crossed to such an extent that his ability to see became impaired. His physician advised an immediate operation, and he was taken to a hospital for that purpose. After the operation was performed he lingered to the seventh day of March, following, when he died. He was thirty-six years of age, and before the accident, which caused his death, occurred to him, he was a strong, healthy man and able to perform manual labor at all times, and was earning a wage of twelve dollars per week, and with an advance of the sum of his wages in

immediate prospect.   He left a wife and children surviving him.

His administratrix brought this suit against the Arctic Ice Company and the city of Louisville to recover of them the damages which it was alleged his estate had suffered by reason of his death.

By the petition and amended petition, it was alleged that the appellant, city of Louisville, by its gross negligence and carelessness, had permitted the street at the intersection of Twenty-third street and Griffith avenue to become in an unsafe and dangerous condition for travel; that the holes in the surface of the street rendered travel upon it dangerous for persons riding or driving; that the officers and agents of the city, for a long time prior to the date of the accident to decedent, knew of the condition of the street, and negligently failed to repair it or put it in a safe condition; that with the exercise of ordinary care the appellant could and would have known of the condition of the street in time sufficient to have put it in a reasonably safe condition for travel before the time of the accident to decedent, but negligently failed to do so; that the decedent was caused to be thrown from the wagon upon which he was riding by the concurrent gross negligence of the servant of the ice company, superior in authority to decedent, in driving the wagon at a high and dangerous rate of speed, and the gross negligence of the city in failing to keep the street in a condition reasonably safe for public travel; and that by reason of the concurrent acts of negligence on the part of the ice company and the city, the decedent was thrown from the wagon and sustained the injuries which caused his death, and that without the concurrent negligent acts of the ice company and city, the injuries would not have been sustained.

The Arctic Ice Company, by its answer, denied the allegations of negligence, and as a further defense plead that decedent contributed to his injuries by his negligence, and, also, plead that the driver of the wagon was a fellow servant of decedent, and not superior in authority to him, and for that reason it was not liable to decedent's estate for any negligence of the driver.

The appellant, City of Louisville, by its answer, denied the acts of negligence alleged against it, and for a further defense plead that the decedent and the driver of the wagon were guilty of negligence, upon their part,

which so contributed to cause and bring about the decedent's injuries and death, that but for such negligence on their part, the accident to decedent could not and would not have happened.

The issues were completed by replies, in which the affirmative averments of the answer were denied.

At the conclusion of the evidence for appellee, the Arctic Ice Company and the appellant moved the court to peremptorily instruct the jury to find a verdict for each of them. The court sustained the motion of the Arctic Ice Company, but overruled the motion of appellant, to which it excepted.

At the conclusion of all the evidence, the appellant renewed its motion for a direct verdict in its favor, but the motion was again overruled.

The appellant then offered and moved the court to give instructions 1, 2, 3, 4, 5, and 6, but the court refused to give any of the instructions offered.

The court then gave to the jury instructions 1, 2, 3, 4, and 5, to which appellant objected and excepted.

The jury returned a verdict for appellee in the sum of $3,000.00, and a judgment was rendered against appellant accordingly.

The appellant's grounds and motion for a new trial being overruled, it has appealed.

The first instruction given by the court was the one directing a verdict for the Arctic Ice Company. The appellant does not complain of instruction 2, given by the court, and which is substantially the same as instructions 1 and 2 offered by appellant. Appellant complains of the failure of the court to give instruction 3, offered by it, but instruction 3 is substantially the same as the one offered by appellant.

Instruction 4, which was offered by appellant and denied by the court, directed the jury, that if at the time of the injury, the decedent was "so far under the influence of liquor, that he was not able to exercise for his own safety that degree of care which ordinarily prudent persons, when sober, usually exercise under circumstances like or similar to those in this case, and that his intoxicated condition, if it did exist, contributed to cause or bring about the happening of the accident and injuries complained of, and that he would not have been injured but for said intoxicated condition, then the law is for the defendant, etc."

The evidence of the decedent being intoxicated was that several of the witnesses testified to his having the odor of whiskey upon his breath, and after he came down from where he was lying upon the hay and started for his home, he staggered, and that before the accident he had whiskey with him. Other witnesses who came in contact with him did not smell whiskey, and did not observe any indications of intoxication in him, and saw no whiskey in his possession. The instructions given by the court directed the jury, that if decedent failed to exercise ordinary care for his safety, and by reason of such failure he helped to cause his fall and injury, and that, but for such failure, he would not have fallen nor have been injured, to find for the appellant. It further instructed the jury that ordinary care, as applied to the duty of decedent, meant that degree of care which is usually exercised by ordinarily careful and prudent persons, who were sober, under the same or similar circumstances. It will be observed that the instructions of the court required decedent to exercise such care as is usually exercised by an ordinarily careful and prudent person, who was sober, and before appellee was entitled to recover, it must appear that decedent exercised such care, whether he was able to do it or not, and if by reason of his intoxication, he was not able to exercise such care, the verdict must be for appellant. Hence, it does not seem that the refusal of the court to give instruction 4, offered by appellant, could have prejudiced its cause.

Instruction 5, which was offered by appellant, and the failure of the court to give same, is complained of, is as follows:

"If you believe from the evidence that the injuries caused to decedent were due to the failure of decedent to exercise ordinary care for his safety, or the driver of the wagon, on which decedent was riding, to drive the same as ordinarily careful and prudent persons do, under the same or similar circumstances, and that but for the failure of the driver of said wagon to exercise such care, the decedent would not have been injured, then the law is for the defendant and the jury should so find."

The court did not err in refusing this instruction. By other instructions, the jury was directed to find for appellant if the injuries were caused or contributed to by the decedent's failure to exercise ordinary care for his own safety. The refused instruction, also, directed

the jury to find for appellant, if the driver of the wagon failed to exercise ordinary care in driving the wagon, and that but for such failure of the driver of the wagon, the decedent would not have been injured. This would have been to have said to the jury, under the facts of this case, that if the driver of the wagon was negligent and although its negligence concurred with the negligence of the driver and without which the injury would not have been received it should find for appellant, if the injury would not have occurred, but for the negligence of the driver. The negligence of the driver, if any, can not be imputed to decedent, because the driver was neither his agent nor servant. Neither can the appellant escape liability for its negligence, because the driver was, also, negligent, if the negligence of appellant concurred with the negligence of the driver, and but for its negligence, the injuries would not have been received. The evidence proves, that but for the holes in the street, into which the wheels of the wagon fell, that the rapidity of the driving would not have caused the jolt which broke decedent's hold, and threw him upon the street, and doubtless, but for the rapidity of the driving, the holes in the street would not have caused such a jolt, as to break decedent's hold, and to throw him to the street. The two acts of negligence, that of the driver and the permitting of the holes in the street, were joint, concurred and caused the injury, and were therefore the proximate cause of the injury.

Shearman & Redfield on Negligence, section 346, says:

"The general rule in all states is that where two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained but for such defect."

When two or more, by a joint tort, do damage to another, they are jointly and severally liable to the injured party for the entire damages. K. & I. B. Co. v. Sydnor, 26 R., 951; Paducah Traction Co. v. Sine, 111 S. W., 356; Louisville Home Telephone Co. v. Gasper, &c., 123 Ky., 128; Louisville v. Hart's Admr., 143 Ky., 171; Pugh v. C. & O. Ry. Co., 101 Ky., 77; Whitman & Co. v. Warren, 23 R., 2120.

Wharton's Law of Negligence, section 395, says:

"The comparative degree in the culpability of the two will not affect the liability of either. If both were negligent in a manner contributing to the result, they are liable jointly or severally."

Hence, the appellee could have, in the case at bar, maintained her action against the appellant, alone, without joining with it the Arctic Ice Company. The court below instructed the jury peremptorily to find for the ice company. It was of the opinion that the evidence did not show any negligence upon the part of the ice company, or else that the negligence was that of the driver, who was a fellow-servant of the decedent, it is not material which, as there is no appeal as against the ice company. The liability of appellant is not affected by the liability or non-liability of the ice company, if its, appellant's, negligence was the sole or a concurring cause of the injury, and without its negligence, the injury would not have occurred. If the negligence of the driver was the sole cause of the injury, then the appellant's negligence did not cause the injury nor contribute to it. The question as to whether or not the negligence of appellant caused the injury was submitted to the jury, and this embraced the question necessarily, as to whether or not the injury could have occurred without the negligence of appellant. The facts of each case must be looked to for the determination of what the proximate cause of an injury is. The liability of appellant must arise entirely from its own negligent acts, and not from those of the ice company. The court below determined, as a matter of law, if the defective condition of the street caused the decedent's death, that the appellant was liable, and submitted to the jury to say, from the facts, whether the defective street caused the death. From the evidence, as to the condition of the street, reasonable men may well differ as to whether it was in a reasonably safe condition for public travel, and in such state of case, it was a question for the jury.

No error prejudicial to the substantial rights of appellant appearing, the judgment is affirmed.