## Ashcraft v. Bowling, et al.

(Decided November 25, 1921.)

## Appeal from Lee Circuit Court.

1. Executions—Sales—Writ of Possession—Motion for.—Under the provisions of section 1689, Kentucky Statutes, and section 449 of the Code a motion for a writ of possession upon a deed executed by the sheriff under an execution sale of land may be heard and determined in the circuit court upon or without written pleadings, but if the parties see proper to proceed by pleadings the case should be treated as if written pleadings were required.

2. Appeal and Error—Pleading—Objection.—An objection to the pleading which defectively states a cause of action or defense not raised by demurrer or otherwise in the lower court cannot be raised here.

3. Execution—Writ of Possession.—A writ of possession held to have been properly refused where by pleading and proof it is shown that the purchaser had been fully repaid the execution sale price by the owner of the land and that the deed was fraudulently procured.

4. Execution—Motion for Writ of Possession.—A motion for a writ of possession under section 449 of the Code is triable by the chancellor in equity.

5. Appeal and Error—Evidence—Objection and Exception—Avowal.—An objection and exception to the court's refusal to let a witness answer certain questions is unavailing in the absense of an avowal without which this court cannot tell whether the court erred or whether if he did err the error was prejudicial.

SAM HURST, E. B. ROSE, CARTER STAMPER and J. F. SUTTON for appellant.

H. T. BEATTY, THEO. B. BLAKELY and BLAKELY & BLAKELY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On July 12, 1910, an execution on a replevin bond issued from the office of the clerk of the Lee circuit court in favor of the Commonwealth of Kentucky against James Smith and Lewis Sparks, returnable on September 12, 1910. On September 10, 1910, this execution was levied by the sheriff upon a tract of land containing about twenty-five acres of which Sparks was the owner. After due advertisement the land was appraised at $250.00 and sold by the sheriff on October 24, 1910, to appellant Ezart Ashcraft, for $47.46 and he executed sale bond. On March 9, 1911, appellant paid the sale bond and on

November 17, 1911, the sheriff executed and delivered to him a deed for the property.

On February 27, 1915, Lewis Sparks having died in the meantime, appellant gave notice to the appellees, the heirs and widow of Lewis Sparks, that on May 6, 1915, he would make a motion in the Lee circuit court for a judgment for the possession of the land.

On the day named the appellees appeared and filed a written response to the notice in which they alleged, in substance, that immediately after the sale of the land to appellant, Lewis Sparks paid him the execution sale price in full by delivering timber to him from this and adjacent land and that the execution of the sheriff's deed to the appellant was fraudulent.

Appellant filed a reply traversing the allegations of the response and upon a trial before a jury at the May term, 1917, of the Lee circuit court a verdict and judgment were rendered in favor of appellees, but that judgment, on a motion for a new trial, was set aside and upon another trial at the May term, 1920, the verdict and judgment were also for the appellees, and appellant's motion for a new trial having been overruled, he appeals.

This procedure is authorized by section 1689 of Kentucky Statutes, wherein it is provided that all proceedings on the motion shall be the same as under chapter 5, title 10, being sections 445-449 inclusive of the Civil Code of Practice. By this last named section of the Code it is provided that ''the motion may be heard and determined upon or without written pleadings and judgment shall be given according to law and the rules of equity.'' It is therefore clear, as this court expressly decided in Scott v. Mitchell, 19 R. 218, 39 S. W. 507, that appellees' defense need not have been in writing; but as held in Sargent v. Farrar, 2 R. 212, if the parties see proper to proceed by pleadings as they did here, the case should be treated as if written pleadings had been required.

Appellant's first contention is that appellees' response does not state facts sufficient to constitute a defense; but this question was not raised by demurrer or otherwise in the court below and made here for the first time is without merit, since the response, though inartificially drawn in that it states conclusions of the pleader rather than the primary facts, does state in substance that appellant had been fully repaid by Sparks the purchase money and that the deed had been procured fraudulently. If appellant desired to take advantage of the

defective form of the pleading he should have done so at the trial, when appellees would have had the opportunity and could have been made to correct it, but having elected rather to stand upon a denial of the truth of the facts as alleged he waived mere defects in form and cannot upon appeal, after a verdict and judgment against him, complain of same. Davis v. Wiley, 3 R. 315.

Then again appellant in assuming that the response merely attempted to plead a statutory redemption of the land by Sparks under section 1684 of the statutes is mistaken in its purpose and effect, as is clearly shown not only by the pleading but also by the proof introduced by appellees to sustain it. The facts established by the proof are these:

Appellant was Sparks' son-in-law and they attended the sale together, Sparks standing by appellant's side while the latter bid in the entire tract of land for $47.46, although it was appraised at $250.00. Appellant now claims and so testified upon the trial that he purchased this land for himself and without arrangement with his father-in-law, but he admits in his testimony that long after the sale, when the sheriff came to him to collect the money, he tried to get his father-in-law to pay it and that Sparks not only retained full possession of the land as long as he lived but brought suit against appellant to quiet his title and to enjoin appellant from claiming it, but which for some reason was not tried and is presumably still pending. Moreover, without objection the sheriff was permitted to testify that Sparks told him that he had let appellant have timber to satisfy this claim. Also without objection Mrs. Sparks, Mrs. Bowling and Ben Sparks testified that Lewis Sparks had satisfied this claim in full by delivering to appellant timber off of this and other land owned by Mr. Sparks, which it is shown without contradiction he received and that same was worth about $200.00. The unescapable inference from these facts is that appellant was not a *bona fide* purchaser for himself at the sale, but that he purchased for his father-in-law under arrangement to hold the title in trust for him until he could repay him, as he did by letting him have timber off of the land. There is no evidence whatever contradictory to this inference from the admitted and established facts, except the statement of appellant that he had no arrangement with his father-in-law about the purchase and that he took the timber off of the land as the owner and not in payment of his claim

against Sparks; but his testimony is not entitled to much weight, in view of his admission that he had been convicted of forgery and house breaking and that he did not know whether he was then under indictment for false swearing or not, together with the testimony of his own witnesses that his general moral reputation in the community where he lives is bad. The evidence, therefore, is quite convincing not only that Sparks fully satisfied appellant's every claim against him under the execution sale, but also that appellant did not at that sale buy the land for himself but for his father-in-law under an arrangement to hold the same for him, and that his deed was procured in violation of this arrangement, and therefore fraudulently.

Since the response filed by appellees asserted not only that Sparks had redeemed the land but also that appellant had procured the deed from the sheriff by fraud and asked that same be cancelled, it is clear, as was the case in Scott v. Mitchell, *supra,* that the defense relied upon was purely an equitable one and that, even if it had not been, the motion under section 449 of the Code was necessarily triable by the chancellor in equity. Hence if the chancellor without the intervention of a jury had rendered the judgment appealed from, as he might have done, it could not have been successfully attacked upon the ground that it was not sustained by the evidence. The court, however, without objection from the parties, submitted to the jury the one question of whether or not appellant's claim growing out of the execution sale had been paid to him without reference to whether it was paid within the year allowed by statute for redemption.

Appellant complains not of the submission to a jury but of the single instruction given upon the ground that redemption under the statute could have been made only within a year after the execution sale and the instruction does not confine the payment by Sparks to him to this time, but in our view of the case, which was evidently that of the chancellor, it was immaterial when the payment was made, since appellant was not a *bona fide* purchaser at the sale, but simply bid in the land for his father-in-law and, therefore, held the title even after he procured a deed to the land in trust for him.

Nor did the court commit prejudicial error in refusing to submit to the jury, as appellant asked by offered instruction, the question of whether or not appellant in taking the timber off of the land did so under the authority of

his deed, since this was a question of law and not one of fact that appellant had a right to have submitted to a jury.

Complaint is also made of the court's refusal to permit a Mr. Reese to testify about a statement of Lewis Sparks to appellant, but there is no avowal and we are unable to tell whether the court erred or not or whether if he did err the error was prejudicial.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.