## Bobich v. Dackow.

(Decided June 4, 1929.)

FORESTER & CARTER for appellant.

E. H. JOHNSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Mary Dackow brought this action against Anna Bobich, and Nick Bobich, her husband, alleging that they, acting jointly, wickedly, and maliciously, assaulted, beat, and bruised her to her damage in the sum of $2,000. The answer was a traverse of the allegations of the petition.

The case was tried by a jury, who returned a verdict for the plaintiff in the sum of $500. The court entered a judgment on the verdict against the defendants for $500. Nick Bobich appeals.

It is insisted for the appellant that the verdict is palpably against the evidence. Mary Dackow testified that she went to call her mother, and Anna Bobich came out where she was and hit her on the top of the head with something she had in her hand and inflicted a wound on the top of her head which caused her to go down three times; that Anna Bobich continued to hit her on the back and head and other parts of her body, so wounding her as to cause her much pain and suffering and to require seven visits to a doctor; that while Anna Bobich was striking and beating her Nick Bobich came up to where they were and struck her with his fists six or eight times and pushed her out of the gate. Anna Hollitt, her mother, testified that Anna Bobich hit the plaintiff with something on the head several times and then with her fist knocked her down two or three times; that while Anna Bobich was beating her Nick Bobich came up and struck her on the back or on the shoulder one time and pushed her out of the gate. Anna Bobich and her husband testified that he was not present when the difficulty started and did not strike or touch the plaintiff in any way, but when he came up told the plaintiff to get out of the yard, and go away. That testimony was confirmed by their daughter and two other witnesses whom they introduced. One of the witnesses stated that he put his hand on her shoulder and told her to get out of there.

The credibility of the witnesses was for the jury. If, while his wife was in a fight with the plaintiff, he came up and joined in the fight, he was jointly responsible with his wife for the injury inflicted on the plaintiff. The jury saw and heard the witnesses, and a reversal cannot be had here because the jury believed one set of witnesses rather than another.

If the plaintiff was as badly hurt as the testimony for her shows, and there is really no conflict in the evidence on this subject, a verdict for $500 is not excessive. Lambert v. Corbin, 194 Ky. 373, 239 S. W. 453; Louisville Railway Co. v. Kramer, 226 Ky. 739, 11 S. W. (2d) 930, and cases cited.

It is earnestly insisted for appellant that he did not hurt the plaintiff in any way and that the judgment against him for $500 should not stand. But the rule is that where two or more persons by a joint tort do damage to another they are jointly liable to the injured party for the entire damage. City of Louisville v. Heitkemper, 169 Ky. 167, 183 S. W. 465; Miller v. Weck, 186 Ky. 552, 217 S. W. 904. The reason for the rule is thus well stated in 26 R. C. L. p. 763, sec. 13: "It is, and has long been, a generally recognized rule that there is no line of separation between the liability of joint tortfeasors. The tort is a thing integral and indivisible, and any claim for injuries arising therefrom runs through and embraces every part of the tort. The liability of one cannot be carried into any portion of the joint tort that is not followed by an equal liability of the other tortfeasors. Each is liable for the whole, and the injured party may pursue one separately, or he may pursue all jointly, or any number jointly less than the whole number."

There was here one fight. If the appellant joined in the fight with his wife he is jointly liable with her. This is not a case of separate torts producing an injury, but of one joint tort, if the plaintiff's evidence is true. Only the rights of the party injured are in controversy here.

Judgment affirmed.