## Smith v. Duncan.

Dec. 1, 1942.

280

W. O. Bilyeu for appellant.

G. Sam Milam for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Appellant and appellee, formerly husband and wife, were divorced by a judgment of the Logan circuit court in May, 1929, and appellant was awarded the custody of their child and $500 permanent alimony. In 1931 appellant married one Marshall Smith and they are still living together. Appellee never remarried.

Claiming that the judgment for alimony had not been paid, in September, 1941, appellant caused an execution to issue which the sheriff levied upon certain property of appellee, and thereupon appellee brought this action seeking to enjoin appellant and the sheriff of Logan county from selling his property under the execution. He alleged in his petition that the judgment of alimony had

been paid and satisfied. The answer denied the allegations of the petition with respect to payment of the judgment, and the evidence was taken and heard orally by the court and the chancellor held and adjudged that the judgment had been satisfied and paid in full and enjoined the collection of the execution. Defendant has appealed, insisting upon a reversal of the judgment upon the ground that it is not sustained by the evidence.

Appellee testified that after the judgment of divorce was granted he turned over to appellant certain household goods and furniture consisting of silverware value of $150, victrola $200, cooking stove $150, rugs, beds, and many other articles of household goods, a cow, chickens, food and farm products all of a total value of about $1,500 or $2,000. He said that he moved the property from his home to the home of appellant's mother in wagons and that there were nine wagon loads of it. Two other witnesses, one who helped move the property and another who lived in the neighborhood and saw the wagons passing his home, testified that there were several wagon loads of it, possibly eight or nine loads. Appellee was also corroborated by two other witnesses as to the value of the property. One of them said that it was worth more than $500, and the other said that it was worth double or twice that amount. Appellant admitted that she received the property but said that there were only about three wagon loads of the household goods and one load of chickens and other articles, and further denied that the value of it was $500, or more than $200. She further said that a certain part of the property—the cow, most of the chickens, and some other articles—belonged to her. But after eliminating the articles she claimed as her own we are convinced that the preponderance of the evidence tends to show that she received from appellant property of his own of a value in excess of $500. It is the further contention of appellant that the household goods and the items of property mentioned above were taken into consideration in the settlement of their property rights in the divorce action.

The household goods and other personal property are not mentioned in the pleadings. The petition only alleges payment and satisfaction of the judgment but does not state how or in what manner it was paid. The answer merely denies payment. In the course of appellant's testimony she was asked: "State whether or not

all of this furniture was listed, itemized and testified about in the divorce action? Objected to. A. It certainly was." The court ruled that the record was the best evidence and counsel for appellant stated that he had looked for the record and could not find it. It was then agreed between counsel that the record could not be found. Appellant's counsel then asked this question: "I asked her whether or not the divorce action listed the personal property, the property testified about was all listed and taken into consideration in the settlement of their property rights? Objected to; objection sustained; exception for defendant." It is to be noticed that in the first question appellant was only asked to state whether or not the furniture was listed, itemized and testified about in the divorce action. The mere fact that the property might have been listed and testified about does not mean that it was taken into consideration in the settlement of the property rights of the parties or awarded to appellant in addition to the $500 permanent alimony. But in the last question, however, appellant was asked to state whether or not the furniture was taken into consideration in the settlement of their property rights, to which an objection was sustained and no answer given, but no avowal was made showing what the witness' answer would have been if she had been permitted to answer, if it be conceded that such evidence was competent. An objection and exception to the court's refusal to permit a witness to answer a question is unavailing in the absence of an avowal without which the Court of Appeals cannot determine whether the court erred or if it erred the error was prejudicial. Ashcraft v. Bowling, 193 Ky. 31, 234 S. W. 945. The only part of the record in the divorce proceedings that we have before us is the judgment of the court which only adjudged that appellant be awarded $500 permanent alimony, without any adjudication of or reference to the household furniture and other personal property. The rights of litigants are fixed by the judgment of the court, and since the judgment did not award appellant the household goods in addition to the $500 permanent alimony, the judgment itself is conclusive that the property here in question was not settled or adjudicated in the divorce action, even though it might have been involved in the evidence. This alone justified the court's refusal to consider oral evidence which contradicted the record evidence.

Appellant further testified that the household goods were delivered to her in 1927, approximately two years before the divorce was granted; on the other hand, appellee testified that he delivered the property to her after the divorce was granted. The other witnesses who moved the household goods from appellant and appellee's former home to her mother's home, said that they could not remember the date or year, or whether it was after or before the divorce was granted. Hence, we have only the statements of appellant and appellee on that question, which contradict each other. It is a well known rule that when the evidence is conflicting and the mind is left in doubt as to the truth of it, this court will not reverse the finding of the chancellor.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.