# Wilson v. Dalton's Adm'r.

## Wilson v. Tarter.

October 25, 1949.

Ben D. Smith and V. O. Blackburn for appellant Wilson.

W. Russell Jones for appellees Tarter and Dalton.

VAN SANT, COMMISSIONER—Affirming.

The actions instituted separately by Milburn Tarter and Luther Dalton, Administrator of the estate of Louid Dalton, deceased, against H. D. Wilson, were consolidated in the Trial Court, tried together, and are consolidated actions on this appeal. The petition in the Tarter case was filed to recover for injury to Tarter's truck sustained in a collision with an automobile owned by appellant and under the control of his infant son. The petition in the Dalton case was filed to recover for the death of the Administrator's decedent, resulting from the same accident. The jury found for Tarter in the sum of $500, and for Dalton in the sum of $5,000. Appeals have been prosecuted from the judgments entered in accordance with the verdict.

Shortly after dark in the evening of December 20, 1947, Dorman H. Wilson, 17 years of age, was operating his father's, H. D. Wilson's, automobile with the latter's consent. He parked the car in front of the home of a friend on the south side of a highway in Pulaski County, known as Faubush Road. The automobile was facing west. Appellee, Tarter, with Cebrun Dalton and the deceased, Louid Dalton, as passengers, was driving his truck eastwardly on the highway at a rate of speed variously estimated by the witnesses. Tarter testified that he was blinded by the lights of the Wilson car and, being of the opinion that the car was moving in its proper, the north, lane of traffic, attempted to pass to the right or south thereof; in doing so, the left front fender of the truck collided with the left front fender of the automobile, causing the truck to leave the highway and turn over. As a result of the collision Louid Dalton was killed, and Tarter sustained injuries to his truck. The Wilson boy testified that he was parked in front of his friend's house; his parking lights were on, but they were not of sufficient brilliance to blind Tarter; and that Tarter negligently ran off the road and collided with the Wilson car. He stated that he did not know of the pending danger until the truck was so near that it was impossible for him to perform any act to avoid the accident. Kathleen Norfleet, 14 years of age, lived in the house in front of which the Wilson car was parked; when Wilson parked the car he blew the horn, whereupon she went to the car and sat in the driver's seat while talking to Wilson. She testified that the right wheels of the Wilson car were on the shoulder

of the road and the left wheels were in a ditch off the main travelled portion of the road. Wilson testified to the same effect, and further that his car was parked four or five feet in front (east) of a mailbox. Tarter and the surviving passenger of his truck testified that the car was parked with its right wheels about three and one-half feet distant from the shoulder and in the main traveled portion (blacktop) of the road.

We first will dispose of the question raised in the Dalton case which was not, and could not have been, raised by appellant in the Tarter case; viz., that the contributory negligence, if any, of Tarter is imputable to the deceased because both, at the time of the accident, were engaged in a joint enterprise.

To constitute a joint enterprise between the driver and passenger of a motor vehicle, it must appear, in addition to community of interest, that the passenger has an equal right, express or implied, to direct and control the management and movements of the vehicle. Dorris v. Stevens' Administrator, 266 Ky. 602, 99 S. W. 2d 755; Alva West & Company v. Corwin, 273 Ky. 557, 117 S. W. 2d 192, and Adams v. Hilton, 270 Ky. 818, 110 S. W. 2d 1088. No evidence was presented in this case from which the jury might have inferred that Dalton was privileged to exercise any control over Tarter in the operation of the latter's truck. It is apparent, therefore, the evidence does not justify the imputation of Tarter's negligence, if any, to Dalton.

Thus, the only questions for the determination of the jury in the Dalton case were whether the lights of the Wilson car were so bright as to, and they actually did, blind Tarter, and such fact caused, or contributed to cause, Tarter to lose his bearings and guide his car in such manner as to bring it in collision with Wilson's car; and the only issues for the determination of the jury in the Tarter case were whether the lights of the Wilson car were so bright as to, and they actually did, blind Tarter, and such blinding, if any, was the *sole* cause of the accident. It is apparent that affirmance of the judgment in respect to Dalton must be declared in the event the judgment in respect to Tarter is affirmed; whilst a reversal of the Dalton judgment would not necessarily follow in the event of a reversal in the Tarter case.

The first ground for reversal is that the allegations of the petitions and the evidence were insufficient to bring the case within the scope of the family purpose doctrine. The allegations are identical in each petition and, insofar as pertinent to this question, are in the following words:

"The plaintiff, * * * states that the defendant, H. D. Wilson, is the father of one Dorman D. Wilson, an infant under twenty-one years of age, to wit: seventeen years of age. The plaintiff further states that H. D. Wilson is the owner of a certain automobile hereinafter referred to and that said automobile, at the time and place referred to was used by his son, Dorman D. Wilson, with the consent and permission of his father, H. D. Wilson. Plaintiff states that the said Dorman D. Wilson is a member of the family of H. D. Wilson, and resides with him.

"The plaintiff further states that said automobile at all times herein referred to was permitted by the said H. D. Wilson to be used for the use and convenience and pleasure of his family, including his said son, Dorman D. Wilson. * * *

"The plaintiff, * * * further alleges and states that on the 26 day of July, 1947, the said Dorman D. Wilson applied to the Clerk of the Pulaski Circuit Court for the issual to him of an operator's license as is provided for by law. The plaintiff further states that at the time of this application the defendant, H. D. Wilson, signed the application of his said son, Dorman D. Wilson, for such driver's license, and upon this application so signed and endorsed by the defendant, H. D. Wilson, operator's license number A-614189, was issued to his son, Dorman D. Wilson, at the time of such application was living with his father, this defendant, and his said father having custody of his infant son, Dorman D. Wilson, a minor seventeen years of age. The plaintiff further alleges and states that at no time since the above operator's license was issued has this defendant filed a verified written request or any kind of request to have this operator's license so issued to his son, Dorman D. Wilson, cancelled."

Counsel for appellant point to no deficiency in the language employed by the draftsman of the petition.

We are of the opinion the allegations elaborately encompass the family purpose doctrine; and the testimony of appellant and his son conclusively prove every material allegation pertinent to this question.

It is next contended that Tarter was guilty of contributory negligence as a matter of law, because the evidence failed to show that he slackened the speed of his truck when blinded by the lights of appellant's car. This contention overlooks Tarter's testimony wherein he was asked the following questions and made the following answers:

"Q. About how fast were you going immediately before you got up to the Wilson car? A. About twenty-five or thirty miles an hour.

"Q. Did you check your speed any? A. Yes, sir, I checked the speed."

Counsel for appellant objected to the second question and answer, presumably on the ground that the question was leading; but the court did not rule on the objection, counsel did not insist on such a ruling, and took no exception. Thus, the objection was waived, and the evidence remains supplying the deficiency complained of.

The next ground for reversal is that the instructions to the jury were erroneous in four particulars, the first of which is that the court failed to submit the question of the sufficiency of the lights on Tarter's truck to disclose substantial objects at least 350 feet ahead as provided in KRS 189.040. This objection is not well taken because no issue was raised by the evidence in respect to the sufficiency of the headlights on the Tarter truck. The second objection to the instructions is that the court should have instructed the jury that it was the duty of Tarter to sound his horn as a warning of his approach to the parked automobile, and if his failure so to do caused, or contributed to, the happening of the accident, the jury should find for the defendant Wilson. Undoubtedly, where applicable, such an instruction should be given, but it is inapplicable to the facts in this case because the evidence conclusively shows that, had a warning been given, appellant's son would not have been in position, nor would he have had time to place himself in position, to perform any act to avert the accident.

The third objection to the instructions is that the court failed to give an offered instruction setting forth the duty of Tarter to stop his truck when blinded, if by stopping he could avert the accident. We are of the opinion that the court would not have committed error had he given this instruction, but we are equally of the opinion that the language of instruction No. 2 sufficiently covered this point where the court in substance told the jury that it was the duty of Tarter, upon being blinded by the lights of the Wilson car, to reduce his speed and proceed with due caution and to take such precaution to avoid the collision as ordinary care in the circumstances might suggest or require. It is only where ordinary care in the circumstances requires the driver of a motor vehicle to stop that such a duty is imposed on him, and we think the general language of instruction No. 2 in respect to ordinary care was sufficient to impose on Tarter the duty to stop if the circumstances so required. The last complaint in respect to the instructions is that, in instructing the jury, the court assumed that appellant's automobile was parked *on* the highway whereas the proof showed it was not on the mainly traveled portion thereof. This instruction charged the jury that it was the duty of Tarter "to keep a lookout ahead for cars on and using the highway, * * * to avoid coming into collision with other cars on and using the highway, including the car of the defendant." We do not perceive this instruction to have been erroneous or prejudicial to appellant, even if it should be conceded that appellant's car was not on the highway. In unequivocal terms, the court told the jury that it was the duty of Tarter to avoid coming into collision with the car of appellant. This certainly was Tarter's duty whether appellant's car was on the highway or off of it.

The next ground for reversal is that the court erred in not giving an offered instruction to the effect that, if Tarter's negligence was the sole cause of the accident, the jury should find for appellant. Here again the court would not have committed error in giving the offered instruction, but the instructions given did not permit recovery unless the jury believed from the evidence that the glare of the lights from the Wilson automobile at least contributed to the happening of the

accident; thus the jury was instructed conversely with the law embodied in the rejected instruction.

It is next insisted that the court erred in refusing to give an offered instruction to the effect that, if his automobile was parked on the highway, appellant had the right to use his headlights in any manner he saw fit. This contention is absurd on its face. One does not have the right to blind the operator of a motor vehicle, no matter how sacred may be the ground on which he stands.

The next complaint is that the court erred in not permitting appellant to contradict his own witness by introducing evidence that the witness had made a statement previous to the trial contradictory of the testimony given by him on the trial. Omer Trimble, one of appellant's witnesses, testified, to the surprise of appellant's counsel, that Tarter was sober shortly before the happening of the accident. Appellant then introduced Wiley Burkett and asked him the following question: "Q. I'll ask you if Omer Trimble said to you in substance that on the evening before he had put five gallons of gasoline in the truck and that the boys were drunk and that he expected something like this to happen?"

The court refused to permit the witness to answer the question—this was error, Section 596, Civil Code of Practice; but appellant failed to make an avowal as to what the witness would have testified had he been permitted to answer the question. Thus, it is impossible for us to determine whether the error was prejudicial to appellant's substantial rights. We, therefore, are without right to reverse the judgment on this account. Section 756, Civil Code of Practice, Smith v. Duncan, 292 Ky. 279, 166 S. W. 2d 417.

Finally it is contended that, in his closing argument, counsel for appellee engaged in inflammatory remarks to the prejudice of appellant's substantial rights. The remarks complained of are: "Look there at Mr. Dalton, the father of this boy. He will not look up and see him again but will go through the rest of his life without seeing his boy."

These remarks were irrelevant to the issue and should not have been made, but they were not so malign-

ant as to be calculated to inflame the minds of the jurors. Indeed, the verdict itself shows that nothing of an inflammatory nature was called to their attention on the trial of the case. $5,000 is an extremely conservative allowance for damages for the death of a person 20 years of age.

We are of the opinion that the record does not disclose any error to have been committed which can be deemed to have been prejudicial to the substantial rights of appellant in either case.

The judgment is affirmed.