Merle H. MIDDLETON, Appellant,

v.

Lonnie PARTIN, d/b/a Clear Creek Bus Line, Appellee.

Court of Appeals of Kentucky.

April 21, 1961.

**76**

Funk, Chancellor & Marshall, Chat Chancellor, Frankfort, Lay & Knuckles, Grant F. Knuckles, Pineville, for appellant.

Robert J. Watson, Middlesboro, for appellee.

CLAY, Commissioner.

Plaintiff was injured when thrown out of defendant's bus on a narrow wooden bridge.' The jury returned a verdict for the defendant. On this appeal plaintiff contends (1) he was entitled to a directed verdict, and (2) the court erroneously gave an "accident" instruction.

Defendant's bus is a touring car type. Plaintiff was on the front seat. As the bus traversed a one lane plank bridge at a speed of from 25 to 35 miles per hour a loose 2 x 4 flew up and jammed between the axle and the radius rod. This lifted the front end of the vehicle and caused it to swerve into the right-hand guard rail. The bus then bounced back to the left guard rail and the impact caused the right front door to fly open and plaintiff to be thrown onto the bridge. There is no dispute about the way the accident happened.

■■ Plaintiff contends that when the facts are not in dispute the issue of negligence is one of law and the court should have directed a verdict for him. Plaintiff misconceives the law. It is only where but one reasonable conclusion of negligence or non-negligence can be drawn by fair minded men that the court may decide the issue as a matter of law. McCarter v. Louisville & N. R. Co., 314 Ky. 697, 236 S.W.2d 933; Slusher v. Brown, Ky., 323 S.W.2d 870. If different conclusions or inferences from the evidence may be reached by reasonable men, then the question is for the jury. Adams v. Parson, Ky., 313 S.W.2d 426. Even if the facts are uncontroverted, the inferences of negligence or non-negligence are for the jury. Cardwell v. Haycraft, Ky., 268 S.W.2d 916. This is so whenever there is room for honest differences of opinion as to the effect of facts or reasonable inferences to be drawn therefrom. White's Adm'r v. Kentucky Public Elevator Co., 186 Ky. 91, 216 S.W. 837.

■ The only claim of negligence was excessive speed. Reasonable minds could differ as to whether or not the speed was excessive under the circumstances or was a proximate cause of the accident. Clearly these were jury questions.

■ Plaintiff next contends the court erred in instructing the jury to find for the defendant if it believed the occurrence was an "accident", which was defined as "an unusual and unexpected event happening without negligence". Since the jury must find for the defendant under the principal instruction if it believed he was not negligent, it was unnecessary to give this instruction which simply restated the same proposition in different terms. Summers v. Spivey's Adm'r, 241 Ky. 213, 43 S.W.2d 666; Shewmaker v. Richeson, Ky., 344 S.W.2d 802. However the instruction, even if repetitious, tended to clarify the basic issue, and the giving of it did not constitute prejudicial error. See Wilson v. Dalton's Adm'r, 311 Ky. 285, 223 S.W.2d 978.

The judgment is affirmed.