**Harold C. McCRAY, Plaintiff-Appellee,**

v.

**WESTERN AUTO SUPPLY COMPANY, Defendant-Appellant.**

**No. 15755.**

United States Court of Appeals Sixth Circuit.

Nov. 5, 1964.

Carl L. Wedekind, Jr., Louisville, Ky., Stites, Peabody & Helm, Louisville, Ky., on brief, for defendant-appellant.

David L. Waterman, Louisville, Ky., for plaintiff-appellee.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Plaintiff was a customer in the retail store of the defendant located at a shopping center near Louisville, Kentucky. He desired to purchase a used power lawnmower. The third lawnmower shown to him by the manager of the store had an automatic starter to start the gasoline operated motor which was called an "impulse" or "recoil" starter. Plaintiff inquired as to the selling price of this mower. The manager went to a different part of the store to ascertain it. During the absence of the manager, plaintiff picked up the lawnmower for examination. The motor started while he was holding the mower in his hands. The blades cut his right hand. He sued for damages for personal injuries in the District Court and the jury awarded him $4,000.00.

The only question raised in this appeal is whether the District Court erred in denying the defendant's motion for a directed verdict. Defendant did not claim that the evidence as to negligence was insufficient. It contended that plaintiff was guilty of contributory negligence

and assumption of risk as a matter of law.

In our opinion, viewing the evidence as to these two issues in its most favorable light to the plaintiff, reasonable minds could reach different conclusions. The District Court was, therefore, required to submit them to the jury. The court did not err in denying the motion for directed verdict. Middleton v. Partin, 347 S.W.2d 75 (Ky., 1961).

Affirmed.