## Tri-State Refining Company, et al. v. Skaggs.

(Decided March 23, 1928.)

### Appeal from Boyd Circuit Court.

1. Automobiles.—Pedestrian lawfully using highway has right to assume he will not be run into by some one in rear of him.

2. Automobiles.—Automobilist overtaking pedestrians on highway has duty to exercise due care to avoid injuring them.

3. Automobiles.—Pedestrian seeing motor truck overtaking her on highway was not required to leave highway merely because of such fact.

4. Automobiles.—Pedestrian seeing motor truck overtaking her on highway was not guilty of contributory negligence in standing with her back to truck on right side of highway, holding arm of

her mother, who stod on curb, waiting for truck to pass, especially in view of fact that jury found she was not guilty of contributory negligence.

5. Trial.—In action by pedestrian for injuries by motor truck on highway, fact that defendant's witness on cross-examination stated that he made report of accident to insurance company, in view of fact that jury was admonished to disregard reference to insurance company, did not render refusal to set aside swearing of jury and continue case reversible error.

6. Evidence.—Party suing for personal injuries has right to trial without witness, subpoena for whom was returned, "Not found."

7. Evidence.—In action by pedestrian for injuries by motor truck, plaintiff's failure to call as witness her mother, who accompanied her at time of injury, was not reversible error, especially in view of fact that defendants did not produce evidence of person who was riding on truck with driver when accident occurred.

. HOLT, DUNCAN & HOLT for appellants.

MARTIN & SMITH and H. F. PRICE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The plaintiff, Maud Skaggs, sought to recover of the appellants, whom we shall call the defendants, $10,-000 damages for personal injuries. She recovered a judgment for $2,000. The defendants have appealed. About 11 o'clock on the morning of October 25, 1926, Maud Skaggs and her mother were walking along Louisa street, in Catlettsburg, Ky., in the direction of Louisa. The defendant, Dee Bolt, was driving an automobile tank truck along the same street and going in the same direction. At the point where this accident happened, this street is made of concrete with the curb of the same material, but, as there are no pavements for pedestrians, the plaintiff and her mother were walking in the highway. They had been to Catlettsburg and were carrying some bundles containing purchases they had made there. The plaintiff first heard the tank coming, and looked back and saw it when it was within 20 or 25 feet of them. Her mother was walking next to the curb and she had her mother step up on to the curb and she stood holding her mother by the arm. They were on what was both to them and to the driver of the truck the right-hand side of the road. The plaintiff was struck by some projecting part of the truck, possibly the can rack. She was knocked down, her collar bone broken, and she sustained other injuries. Dee Bolt, the driver of the truck, testified that

he was keeping a lookout, but did not see either the old lady or the plaintiff and did not know he had struck her until some one called him while he was eating his dinner and told him he had run over a woman. The defendants filed a joint answer, denying the negligence alleged by the plaintiff, and in separate paragraphs pleaded that the plaintiff's injuries were the result of her own negligence and that the plaintiff was guilty of contributory negligence, and those pleas were put in issue by reply. At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendants requested a peremptory instruction directing the jury to find for them, but their motions were overruled.

The defendants have made the following assignment of error:

"(1) The court erred in refusing to grant appellants a peremptory instruction upon the following grounds: (a) Because the appellee was guilty of contributory negligence, as a matter of law, after discovering the approaching truck, in failing to step out of the road, and (b) because it was contributory negligence to stand in the road with her back toward the approaching truck without taking any precaution for her own safety after realizing her danger.

"(2) Again the court erred in refusing to discharge the jury upon the motion of the appellants at the time of the improper and prejudicial reference by the witness Seltzer to the fact that the corporate appellant was insured, in response to a question propounded by counsel for appellee."

The paved roadway where this accident occurred was 18 feet wide. The plaintiff was walking upon the proper side of the road at a place where she had a right to be. She had every right to suppose that the driver of the truck, having her in plain view in the broad light of midday, would so operate this truck as not to strike her. There is nothing in the evidence to show how fast this tank truck was being driven, but there is evidence that it was going fast. If it was going 15 miles an hour, then it would move 22 feet per second, so that plaintiff had about one second of time, after she saw the truck, in which to get her mother and herself into a place of safety. Both plaintiff and defendants had a right to use this highway, but the plaintiff was in front; and, where one is lawfully using a highway, he has a right to assume

he will not be run into by some one in the rear of him. It was the duty of the defendants, under the circumstances to exercise due care to avoid injuring the plaintiff. See 42 C. J. 1037, sec. 784. The plaintiff was not required to leave the highway merely because she saw the defendants' truck approaching, and was not guilty of contributory negligence in standing with her back to the truck, waiting for it to pass. We must not lose sight of the fact that all of this occurred within one second of time, and that the question of negligence and contributory negligence was submitted to the jury by instructions not complained of as to form, and the jury has found for the plaintiff.

Coming to the second assignment of error, we find that during the cross-examination of the defendants' witness Walter Seltzer, he was asked, after he had assembled all the data about the accident, if he made a report of it to any one. He answered: "I naturally reported these things to the insurance company." The defendant moved the court to strike out the statement, whereupon the court said: "The jury will not consider the statement of the witness that a report was made to an insurance company." The defendants moved the court to set aside the swearing of the jury and to continue the case, to which the plaintiff objected. The court sustained the objections, overruled the motion of the defendants, and the defendants excepted. In the case of Kentucky Wagon Mfg. Co. v. Duganics (Ky.) 113 S. W. 128, a similar thing occurred upon the trial of the case, but in that case the reference to the insurance company was made by the attorney for Duganics, whereas in this case the reference to the insurance company came from the witness for the defendants. In each instance the court sustained the objections of the defendant to the statement and in this case instructed the jury not to consider it; but we refused to reverse the Duganics case, hence we are compelled to hold there was no prejudicial error in this case.

The defendants have devoted considerable space in their brief to a discussion of the failure of the plaintiff to introduce her mother as a witness. She had a subpoena issued for her mother, but the subpoena was returned, "Not found," and, of course, if the plaintiff was willing to go to trial without the benefit of her mother's evidence, she had the right to do so. The record discloses that one William Stanley was riding on this truck with

the defendant Dee Bolt, and no effort was made by the defendants to produce his evidence, so it would seem the honors were even.

Finding no prejudicial error in the record, the judgment is affirmed.