## Chaney v. Holliday's Administrator.

(Decided October 17, 1930.)

WOOTTON, HELM & WOOTON, BAILEY P. WOOTTON and FRED FORCHT for appellant.

C. W. NAPIER and M. K. EBLEN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On August 2, 1929, Chester Holliday was run over and killed by a truck owned by appellant and driven by one of his employees. Appellant at that time was engaged in trucking logs from a point on Coats branch of Troublesome creek to the railroad station at Duane in Perry county.

The administrator of Holliday's estate brought this action to recover $5,000 damages for his intestate's death, and obtained a judgment for $2,500.

At the close of plaintiff's evidence, and again at the close of all the evidence, the defendant, who is the appellant here, requested a peremptory instruction directing the jury to find for him, but his motions were overruled, and the sole ground urged on this appeal for a reversal of the judgment is that the trial court erred in overruling these motions.

This necessitates a statement of the facts developed at the trial. Attached to the truck which ran over Holliday was a two-wheel trailer. Five logs were loaded on the truck at a point on Coats branch about 250 feet from its mouth. Bill Childers, the driver of the truck, drove

it down Coats branch to Troublesome creek where he turned into the main highway leading to Duane and proceeded along the highway about 150 feet, when the accident occurred. According to some of the witnesses, the highway is about 30 feet wide at this point. Holliday was present when the logs were loaded on the truck, and he followed the truck down the branch, and, when it turned into the highway, he walked behind it and then along the right side of the road in the direction in which the truck was traveling, and to the right of the truck. Only one witness says that he saw Holliday when the accident happened.

Sam Engle testified that he was directly across Troublesome creek from the scene of the accident, and that he saw Holliday pass behind the truck and walk rapidly up the right side of the road until he was three or four steps in front of the truck; that Childers, the driver of the truck, was looking back, and the truck swerved to the right and struck Holliday, and the right rear wheel of the truck and the right wheel of the trailer passed over his body. Childers testified that, when he turned into the main highway, he saw two children in the road about 150 yards in front of him, but did not see Holliday. After turning into the highway, and while the truck was traveling not to exceed 4 miles per hour, he looked back to observe his helper, Walter Miller, who was tying a chain around the logs while the truck was in motion. He admitted that the truck traveled approximately 100 feet while he was looking back. He did not know that Holliday was near the truck until after the accident happened. Other witnesses who saw Holliday follow the truck down the branch and pass behind it after it turned into the main highway were prevented from seeing the accident by reason of an intervening building.

It is contended that there is no showing of negligence on the part of the driver of the truck, that there is no evidence as to how the accident occurred, and that this case falls within the rule announced in Seitz Company v. Bank of Murray, 204 Ky. 115, 263 S. W. 685, and numerous other cases, that, where the evidence shows an injury to have been inflicted in either one of two ways, for one of which the defendant is liable and for one of which he is not liable, there can be no recovery on the

ground that a verdict could only be based on surmise or speculation. The rule relied on, however, is not applicable to the facts of this case. Here an eyewitness testified to facts which, if true, tended to show negligence on the part of appellant's servant in charge of the truck, and that such negligence was the proximate cause of the injury to Holliday. The decedent, according to this witness, was walking upon the right-hand side of the road to the right of the truck and a few steps in front of it, when the truck swerved to the right and struck him while the driver was looking back.

The driver of an automobile owes to pedestrians walking along a highway the duty to exercise reasonable care to avoid injuring them. In Tri-State Refining Company v. Skaggs, 223 Ky. 731, 4 S. W. (2d) 739, 740, it was said: "Both plaintiff and defendants had a right to use this highway, but the plaintiff was in front; and, where one is lawfully using a highway, he has a right to assume he will not be run into by some one in the rear of him. It was the duty of the defendants, under the circumstances to exercise due care to avoid injuring the plaintiff. See 42 C. J. 1037, sec. 784. The plaintiff was not required to leave the highway merely because she saw the defendants' truck approaching, and was not guilty of contributory negligence in standing with her back to the truck, waiting for it to pass."

If Engle's testimony is true, Holliday was traveling upon the highway at a place where he had a right to be, and he had a right to assume that appellant's truck would not swerve to the right and strike him.

The question of negligence and contributory negligence was submitted to the jury by instructions not complained of as to form, and the evidence was sufficient to authorize a submission to the jury of the question of negligence and to sustain the verdict.

It follows that the trial court did not err in overruling appellant's motion for a directed verdict in his favor, and the judgment is affirmed.