## Eads' Adm'r v. Purciful et al.

Jan. 30, 1942.

J. B. Snyder, James S. Greene, Jr., and Don A. Ward for appellant.

R. Kent Sampson, James Sampson, Daniel Boone Smith and James W. Smith for appellees.

Opinion of the Court by Judge Fulton—Affirming.

In this action by appellant against the appellees, Arnett Purciful and Elmer Neff, for the wrongful death of appellant's decedent who was struck and killed by a taxicab operated by appellee Neff, the jury returned a verdict for appellees and from the judgment entered on that verdict this appeal is prosecuted.

The first ground urged for reversal is that the verdict was flagrantly against the evidence. No eyewitness to the accident testified for appellant and his evidence was merely sufficient to show that the decedent was struck and killed by the taxicab operated by Neff and owned by Purciful. Thus the evidence for appellant failed to establish any negligence on the part of appellees but, notwithstanding this, a directed verdict was denied at the conclusion of appellant's evidence. Appellee Neff was the only eyewitness and his is the only testimony shedding any light whatever on the circumstances connected with the accident. He testified that on Christmas Eve, 1939, at midnight he was transporting three passengers in his taxicab, driving along a straight, level stretch of road in a sparsely settled community; that he was driving on the right-hand side of the road when he met and passed a car coming from the opposite direction; that immediately after he passed this car the decedent suddenly appeared in front of his car, coming from behind the car he had just passed and that the decedent was so close in front of his taxi that he was unable to stop before striking him but that he did stop within twenty feet from the point where the decedent was struck. Neff further testified that he was driving at a speed of approximately 35 miles per hour when the accident occurred, that the lights on his taxi were in perfect condition, that his brakes were good and that he could see the road plainly for a distance far beyond the point where the accident occurred. After the accident Neff drove to the home of a man residing nearby and got this man to

return with him to the scene of the accident. He then went to Harlan and surrendered himself to the jailer, notifying him of the accident.

A number of witnesses testified that on the afternoon and night of the accident the decedent was drunk. One of these witnesses saw the decedent between 4 and 6 o'clock in the afternoon. The others, who testified on this point, saw him as late as 8 or 8:30 o'clock, or three and a half to four hours before the accident.

We think it apparent that the mere statement of the substance of the evidence is a sufficient refutation of the claim that the verdict was flagrantly against the evidence. According to the version of the accident as detailed by the driver of the taxi the jury was at liberty to conclude that the accident was not caused by any negligence on his part. No facts or circumstances were proven by appellant to contradict Neff's version of the manner in which the accident occurred and we have no hesitation in saying that the jury could not reasonably have arrived at any other verdict.

Much complaint is made as to the admission of the evidence as to the decedent being drunk. It is claimed that as this evidence tended to establish only that the decedent was drinking at a time four to six hours before the accident the trial court should have excluded it. We see no merit in this contention since this evidence tended to show that the deceased was drinking about 4 or 5 o'clock in the afternoon and continued this drinking to the point where he was very drunk as late as 8 or 8:30 P. M. Clearly, if he was as drunk at 8 o'clock as some of the witnesses say he was, it is likely that he was at least to some extent under the influence of liquor at 12 o'clock when the accident occurred. No error was committed in admitting this evidence.

It is earnestly argued for appellant that numerous errors were committed by the trial court in instructing the jury. However, we are precluded from giving any consideration to the errors assigned since the record shows that no exceptions to the instructions were taken by the appellant. J. B. Colt Co. v. Carrier, 227 Ky. 754, 14 S. W. (2d) 170.

Judgment affirmed.