## Knight v. Silver Fleet Motor Express et al.

Feb. 27, 1942.

662

Layman & Layman for appellant.

J. E. Wise, R. W. Keenon and Hugo Taustine for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was instituted by the appellant administrator to recover damages for the death of his decedent occasioned by the latter's head coming into contact with a corner of the body of a trailer truck owned by the appellee, Silver Fleet Motor Express, and at the time being operated by the appellee, Edward Barrow. The accident occurred between 6:30 and 7 o'clock P. M., after dark, on the afternoon of September 26, 1940, as the truck was proceeding southwardly on U. S. Highway 31 W at a point approximately a mile and a half north of Elizabethtown. No one saw the actual collision between the truck and the pedestrian, but, according to a witness for the appellant, a man resembling the decedent was seen by him a few minutes before the accident walking northwardly on the gravel at the edge of the hard surface of the road within seventy-five yards of the place where decedent's body was found. According to the appellee, Barrow, the decedent was standing to the right of the Highway facing it immediately north of a mail box as the truck passed. Barrow saw the decedent so standing as the truck approached and sounded the horn several times. After the cab of the truck had passed he heard a "bump," and, signaling his intention so to do, brought his truck to a stop. In company with highway patrolmen who had been following the truck for some distance, he returned to the point where he had heard the "bump" and saw the body of the decedent lying in a ditch beside the road south of the mail box.

The testimony of the two highway patrolmen was that the truck, prior to the accident, had been traveling at a speed of from twenty-five to thirty miles an hour on

the right side of the Highway and at a proper distance from the shoulder, and that its lights were burning. There was no proof of tracks or marks indicating that the truck had left the Highway, but the mail box had been tilted or turned over from its upright position, and one of the highway patrolmen testified that Barrow had told him within five minutes after the accident that "he had struck something but he didn't know what it was," and that a passing car "had blinded him and he couldn't see." Two witnesses testified that later in the evening Barrow had told them that he had been blinded by the lights of a passing automobile, and one of them stated that Barrow said that he had "pulled over as far as he could and struck something but he didn't know what it was." The statements alleged to have been made by Barrow to the witnesses last referred to were not part of the res gestæ, and hence the Court properly admonished the jury that they could not be considered as substantive testimony against the appellee company.

The petition charged that the driver of the truck had negligently and carelessly run it against the decedent; and the defense consisted of a traverse of the material allegations of the petition and a plea of contributory negligence. The latter defense was predicated upon rather convincing, though contradicted, testimony that decedent was drunk, and during the late afternoon had been seen staggering along the road, from which, in the light of Barrow's testimony and the absence of any marks on the truck proper, it was contended that the decedent had walked, fallen, or reeled into the front of the trailer.

Appellant's contention is that decedent was soberly walking on the shoulder of the road and that Barrow swerved the truck off of the hard surface of the road instead of stopping it or slackening its speed when he became blinded by the lights of a passing automobile. Whether the trailer struck both the decedent and the mail box, or whether decedent was thrown against the mail box after being struck, we need not attempt to determine, since enough has been said to present the issues submitted to the jury, which found for the appellees, and the sole ground for reversal urged by appellant is that the instructions were erroneous.

In its first instruction the Court defined the duties of the truck driver, and added:

"and if you believe from the evidence that passing automobiles, or automobile, or truck, blinded said Barrow or affected his vision at said time and place to such an extent as to obscure or make indistinct a person on or near the edge of the traveled part of the highway and so close as to be in danger, it was the duty of said Barrow *to slacken the speed of said truck and have same under control.*" (Italics ours.)

Appellant contends that the Court should have added to the quoted words the following phrase contained in an instruction tendered by him:

"To avoid colliding with or striking decedent if he was on said highway or so near thereto as to be in danger therefrom."

In support of this contention it is argued that under the instruction given, the jury would have been authorized to find for appellees even if decedent was run over while off the traveled portion of the road, provided Barrow slackened the speed of the truck when his vision became obscured and did not lose control of the truck, and that to avoid such a construction, the insertion of the suggested words, "so as to avoid colliding with or striking decedent," was necessary, But among the duties required of the driver in the preceding portion of the instruction was the duty of exercising ordinary care to avoid striking the decedent with the truck or the trailer, and of keeping a lookout for pedestrians, including decedent, and of having the truck and trailer under *reasonable* control and driving them "in a careful manner with due regard for pedestrians traveling along or on said highway"; and it would have been impossible, in our opinion, for a jury of average intelligence to have interpreted in the manner feared by appellant the requirement in the instruction given that Barrow, if blinded by the lights of passing automobiles should slacken the speed of the truck "and have same under control." No authority in support of appellant's argument has been cited. On the contrary, this Court has decided that a driver is not required to stop instantly when the road ahead is obscured, if that condition is but temporary. City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022. Furthermore, there was no testimony indicating that Barrow saw the decedent's peril or attempted to stop until after the collision. Since the only conceivable object to be accomplished by a slackening of the truck's

speed and having it under control was to enable the driver to stop in time to avoid striking anyone on the highway within the range of his diminished vision, the conclusion is inescapable that the instruction given by the Court is not open to the objection urged by the appellant.

The Court's second instruction defined the duties required of the decedent, and since it is the subject of appellant's remaining criticism, we set it forth in full:

"The Court instructs the jury that it was the duty of the plaintiff's intestate, Raymond W. Knight, in walking on or near the said highway to keep a reasonable lookout and to exercise ordinary care for his own safety, and if you believe from the evidence he failed to observe these duties, or either of them, and by reason thereof walked, reeled, or fell into the side of the defendant, Silver Fleet's truck, or was struck by it, thereby contributing to bring about his death to such an extent that but for same he would not have been killed, or if you believe that at the time the truck approached the point where Knight was standing, or walking, or as the front of the defendant's truck passed where Knight was standing, or walking, he was in a place of safety and thereafter left said place of safety and came in contact with said truck and that he thereby contributed to bring about his death to such an extent as but for same he would not have been killed, then you should find for the defendants, although you may believe from the evidence that the defendant, Barrow, the driver of said truck, also violated any one or more of the duties required of him under Instruction Number 1."

It is insisted that the law required of the decedent only the duty to exercise ordinary care for his own safety and that it was prejudicially erroneous to preface this requirement with the additional duty "to keep a reasonable lookout." Decisions of this Court holding that a pedestrian's only duty is to exercise ordinary care for his own safety are cited, together with others criticizing instructions imposing upon pedestrians varying types of "lookout" duty under the particular facts disclosed. For example, we stated in the case of Igo v. Smith, 282 Ky. 336, 138 S. W. (2d) 497, that an instruction requiring a pedestrian on the highway to look in both direc-

tions to see if a car was approaching, was erroneous. But to say that a pedestrian walking upon a much traveled road should not be required in the exercise of ordinary care to keep a reasonable lookout would be equivalent to saying that he might walk along such a highway blindfolded and still not be guilty of negligence contributing to the injuries sustained through his collision with a passing vehicle. It may be that it would be better practice in such a case as this to omit from the contributory negligence instruction any reference to his duty to keep a reasonable lookout; but here, at least, its inclusion was harmless, since, by the wording of the instruction the failure of the decedent "to keep a reasonable lookout" could deprive him of his right to recover only if, "by reason thereof," he "walked, reeled, or fell into the side" of the truck. That he had in fact "walked, reeled, or fallen into the side of the truck" was the actual defense relied on, and surely it cannot logically be contended that if he did either of these things because of his failure to keep a reasonable lookout, he was not guilty of contributory negligence.

It is also insisted that the Court erred in not inserting in the second instruction after the words, "thereafter left said place of safety," the words, "and went on to the highway and into a place of danger"; and that, under the instruction as given, the jury was required to find against the plaintiff if the decedent left one place on the shoulder of the road and proceeded to another "even though the truck went off of the traveled part of the road and struck him." In view of the instructions previously given and the actual issue before the jury, namely, whether the trailer truck struck decedent because the driver swerved too far to the right, or whether the decedent "walked, reeled, or fell" into the side of the truck as it passed, we cannot conceive that the jury could have been misled by the omission complained of, although it might have been better to have omitted all reference to decedent's duty not to leave a place of safety and bring himself into contact with the truck, since this duty was clearly comprised within the duty to exercise ordinary care imposed by the preceding portion of the instruction. Dixon v. Stringer, 277 Ky. 347, 126 S. W. (2d) 448.

While the contention of appellant's counsel that the instructions were erroneous is supported by ingenuous

arguments, the conclusion is unavoidable that the instructions as a whole fully and fairly submitted the issues presented by the pleadings and proof, and that if error was committed by the Trial Court in the particulars charged, appellant's substantial rights were not prejudiced thereby.

Judgment affirmed.