## Hatfield et al. v. Sargent's Adm'x.

March 5, 1948.

J. J. Tye, Special Judge.

H. F. White and Patterson & Wilson for appellants.

Daniel Boone Smith, Ray Shehan, James W. Smith and J. B. Carter for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appeal is from a judgment for $5,000 against Ben Hatfield, the owner, and Clayton Moyers, the driver of a taxicab, for the death of Washington Sargent. The accident occurred on Winchester Avenue, in Middlesboro, after 11 o'clock on the night of December 8, 1945. The street had no sidewalk or curbing and was but a continuation of the highway. It has a 22-foot black top paving and a 2-foot berm or shoulder, beyond which on the side where Sargent was struck there were high weeds and a ditch. He had suffered severe injuries on his head and a broken leg and died while being prepared for a surgical operation at the hospital two or three hours later.

The plaintiff's evidence as to the circumstances consist wholly of the testimony given by the defendant, Moyers, in a deposition taken before the trial as on cross examination, and of statements which he made to the Chief of Police the day after the accident. In that deposition the driver testified that he had lowered the lights of his car in passing a city bus and as he was in the act of passing, or had just passed the bus, and was about to turn up his lights, or was doing so, something hit the right side of the automobile. The lights on the taxicab were good and he was not blinded by the lights of the bus at the time nor was he being crowded off the paving. He was not noticing his speedometer but estimated that he was going twenty or thirty miles an hour. He stopped within two lengths of his automobile and

rendered every aid possible to the injured man. Sargent was unconscious when Moyers went back to him and was lying at an angle with the upper half of his body on the paving. He had been struck by the vent window of the car, which apparently was open and extending beyond the other windows. The glass was shattered. There was no dent on the fender or other part of the car.

The testimony of the Chief of Police as to Moyers' statements the next day was not evidence against his codefendant, Hatfield, since the statements were not res gestae, as the court properly admonished the jury. Knight v. Silver Fleet Motor Express, 289 Ky. 661, 159 S. W. 2d 1002. The statements as thus proved were that Sargent was coming up out of the ditch or weeds and ''hit my car before I knew anything about it,'' and that he was probably driving 30 or 35 miles an hour; that ''it looked like he had been to the side of the road urinating, as his trousers were unbuttoned.''

There is no material difference in Moyers' testimony in his own behalf. He then testified, in addition, that his dimmed or lowered lights enabled him to see twelve or fifteen feet ahead; that he was not looking to the side of the road, but to the front. He knew that people were in the habit of walking along the shoulders of the highway. It was developed that in addition to the glass in the vent window being shattered, the metal strip or frame was dented in. Moyers estimated that he was driving within a foot or a foot-and-a-half of the edge of the paving and had a two foot clearance of the passing bus. The witness explained that the Chief of Police had asked him to tell to the best of his knowledge how the accident happened and he had told him ''the only way I could see it could have happened.'' He had noticed the man's trousers were unbuttoned when he helped to place him in the ambulance.

The evidence of the passenger in the taxicab is the same. He stated: ''Just as we got by the bus, he, the driver, turned his lights on bright and it was—I saw a big bulk coming towards the glass'' on his side of the car.

The defendants introduced very substantial evidence that the man killed was staggering drunk two or three

hours before the accident. The plaintiff's evidence to the contrary was that of the doctors and driver of the ambulance that they had smelled no odor of liquor on the man and that his normal walk gave the impression of one staggering.

It seems to us that there was a failure of proof of negligence on the part of the driver of the taxicab. It is true, as the appellee submits, that the decedent had the right to be on the side of the road or street and to have that right regarded by the driver of the automobile, who was charged with the duty of exercising care to avoid injuring a pedestrian walking along the edge of the road. Tri-State Refining Company v. Skaggs, 223 Ky. 731, 4 S. W. 2d 739; Chaney v. Holliday's Adm'r, 235 Ky. 610, 31 S. W. 2d 926; Igo v. Smith, 282 Ky. 336, 138 S. W. 2d 497. The only evidence tending to show a disregard of the decedent's rights was that the driver did not see him, whereas, it is argued, he should have done so. Had the pedestrian been struck by the front of the car, that condition would probably have been sufficient to submit the case to the jury on a question of his failure to observe the lookout duty. But the undisputed evidence is that the contact was with the side of the car, which, obviously, proves that had the pedestrian remained wherever he was when the front of the car reached the point he would not have been injured. We do not think the lookout duty extends so far as to require the driver to see or anticipate such action on the part of the pedestrian, nor can it be said that it was negligence to have dimmed the lights which limited the driver's view (as Moyers testified) to twelve or fifteen feet to the front. Again, it must be said that the man was not in front of the car so that any omission of duty in respect to the lights was not a proximate cause. And if it be conceded that the statements to the Chief of Police that Moyers was driving in excess of thirty miles an hour, which it appears was the prima facie reasonable speed limit established by the statute and ordinance, that was not a proximate cause. Had he been driving at ten miles an hour the result would have been the same. Knecht v. Buckshorn, 233 Ky. 329, 25 S. W. 2d 727; Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. 2d 753.

We are of opinion, therefore, that the court should

have directed a verdict for the defendants. Schulze Baking Company v. Daniel's Adm'r, 271 Ky. 717, 112 S. W. 2d 1011; Eads' Adm'r v. Purciful, 289 Ky. 350, 158 S. W. 2d 645; Whalen's Adm'x v. Sundell, 303 Ky. 752, 199 S. W. 2d 426.

Since there may be another trial of the case and additional evidence presented which would be sufficient to take the case to the jury, it seems well to note what we regard to be errors in the present trial. The instruction submitting the element of unreasonable speed should have been omitted for the reasons above stated. Also the last clear chance instruction. The evidence did not present a case, for example, where the driver saw or should have seen a child on the side of the road or any person in danger by reason of his own negligence, to whom the driver owed the duty of recognizing his peril and avoiding injuring him. The accident occurred in the dark, in the flash of an eye. No element of the last clear chance was involved. Knecht v. Buckshorn, supra; Thomas v. Boklage, 293 Ky. 804, 170 S. W. 2d 348.

It was an error not to give an instruction that would permit the jury to take cognizance of the evidence pertaining to the intoxication of the decedent, the defendants having offered one in respect thereto. Upon another trial, if the evidence is sufficient to submit the case to the jury and the evidence in respect to the defendant's intoxication be substantially the same, the court should give an instruction in substantially this form: "If the jury should believe from the evidence that the decedent, Sargent, was in an intoxicated condition at the time and place of the accident, then ordinary care as applied to him means that degree of care reasonably exercised by ordinarily careful and prudent persons, when sober, under like or similar circumstances." See L. & N. Railroad Company v. Cummings' Adm'r, 111 Ky. 333, 63 S. W. 594, 23 Ky. Law Rep. 681; Southern Railway in Kentucky v. Sanders, 145 Ky. 679, 141 S. W. 77; City of Louisville v. Heitkemper's Adm'x, 169 Ky. 167, 183 S. W. 465; Stanley's Instructions to Juries, Sec. 575, Par. 2, 589.

Wherefore, the judgment is reversed.