### CINCINNATI, NEWPORT & COVINGTON RY. CO., Inc. v. HENNEBERRY.

Court of Appeals of Kentucky.

Nov. 21, 1952.

Arthur J. Daly, Covington, for appellant.

Morris Weintraub, Newport, for appellee.

DUNCAN, Justice.

In a trial before a jury the appellee recovered a judgment against appellant for the sum of $1500 as compensation for personal injuries alleged to have resulted from the negligence of appellant's bus driver. On this appeal appellant insists that the lower court should have directed a verdict in its favor.

About five o'clock on the evening of September 20, 1948, the appellee was a passenger on appellant's bus which was proceeding westwardly on Eleventh Street in the city of Newport. At the intersection of Central Avenue and Eleventh Street appellee alighted from the bus at the northeast corner of the intersection and walked westwardly across Central Avenue. On the northwest corner of the intersection, appellee met a friend and stopped on the sidewalk conversing for a minute or two. During this period appellee was facing north with her back to Eleventh Street. In the meantime, the operator of the bus, having discharged and taken on his passengers, started his bus and proceeded across the intersection. As the bus was passing appellee her body came in contact with the bus and she was knocked down. No permanent injuries were inflicted, but it is not insisted that the damages were excessive.

Prior to the accident, two parallel sets of streetcar tracks were located on Eleventh Street at the place where the accident occurred. These tracks had been sold to the city of Newport and had been taken up and removed a few months before appellee's injury. In the removal of the tracks and wooden ties, the brick paving in the center of the street had been torn out. The broken paving and other waste material had been piled in the center of Eleventh Street, leaving a comparatively narrow lane on each side near the curb for vehicular traffic. The evidence does not indicate the exact space available for vehicles on the north side of Eleventh

Street, but one witness describes the width as being sufficient for a bus and an ordinary automobile when traveling side by side.

Appellee states that at the time she was struck she was standing on the sidewalk only a few inches from the curb. The friend with whom she had been talking had turned away and had taken a few steps when she heard appellee scream and turned and found her lying on the sidewalk. Appellant argues with some force that it is unreasonable to assume that appellee remained stationary on the sidewalk after her friend had turned away and taken a few steps. It is insisted that the physical facts, coupled with the reasonable inference that appellee would have moved her position about the time her friend walked away, impels the conclusion that appellee must have stepped from the sidewalk into the side of the bus.

As opposed to this theory, we have the positive testimony of appellee that she was standing on the sidewalk when she was struck, and admittedly she was lying entirely on the sidewalk after being knocked down.

■ This court cannot substitute its own conclusions of fact for those reached by the jury if there was sufficient evidence to support the verdict. The question of negligence is one for the jury if there is probative evidence showing negligence or from which the jury might in reason infer negligence. Wathen v. Mackey, 300 Ky. 115, 187 S.W.2d 1000. It was negligent to operate the bus in such close proximity to the curbing as to strike a pedestrian standing on the sidewalk. The conflicting evidence as to appellee's position when struck presented an issue of fact. The case was properly submitted to the jury and the evidence supports the verdict.

■■ Appellant insists that the conduct of appellee in placing herself within a few inches of the curb with her back to Eleventh Street where she knew the bus would pass, together with her knowledge of the condition of the street making it necessary for the bus to travel near the sidewalk, amounts to contributory negli-

gence as a matter of law. We do not agree. The sidewalk was for the sole use of pedestrians and appellee had a right to assume that there was no danger from vehicular traffic, regardless of how near to the curb she was standing. In Tri-State Refining Co. v. Skaggs, 223 Ky. 731, 4 S.W.2d 739, 740, it was said:

"* * * The plaintiff was not required to leave the highway merely because she saw the defendants' truck approaching, and was not guilty of contributory negligence in standing with her back to the truck, waiting for it to pass. * * *"

The judgment is affirmed.