**HARRIS et al. v. LUSTER et al.**

Court of Appeals of Kentucky.
June 19, 1953.

Stoll, Keenon & Park, Lexington, Kelsey Friend and Baird & Hays, Pikeville, for appellants.

Charles E. Lowe and William W. May, Pikeville, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment for $8,103 which the appellee, as administrator, obtained for the death of his son in an automobile collision.

The collision occurred on State Highway No. 80 15 miles south of Pikeville about 10 p. m., September 29, 1950. The appellants' bus was traveling toward Pikeville carrying home the victorious Prestonsburg high school football team, and the 1947 Ford convertible of the deceased, operated at his invitation by his eighteen year old cousin, Tommy Howell, Jr., was traveling in the opposite direction. The accident occurred on a bumpy, straight stretch of black topped highway which was bordered on the Ford's right by a creek bed and on the bus's right by a drainage ditch and bank. About 500 feet before the collision the Ford rounded a curve and proceeded down grade toward the bus. There was no middle line marked on the highway. The Ford turned over three times after the collision and came to a stop approximately 200 feet away. The bus stopped 10 or 15 feet from the point of impact.

The appellee's case rests on the contention that the bus driver either could not or did not dim his lights, and that the bus, particularly the left rear thereof, protruded across the middle of the highway onto the southbound Ford's lane. The Bus Company defended on the theory that the Ford was driven at high speed, was out of control, and was on the bus's lane. There is no question but that the bus was proceeding slowly at the time, and there is an abundance of evidence that the driver of the bus did all in his power to avert the collision. There is a conflict of testimony as to whether the headlights of the bus were dimmed, and also as to whether they could be dimmed. The Ford struck the bus behind the driver's seat near the fuse box for the lights, and sheared the rear spring on the left side of the bus. While the driver of the Ford stated that he was going no more than 40 miles an hour, the driver of the bus and a half dozen members of the Prestonsburg high school football team testified that the Ford was traveling at high speed.

The evidence is uncontradicted that the driver of the bus was keeping a lookout ahead, had his vehicle under control, and had the front of the bus traveling on its right side of the highway before the impact. Furthermore, a former state policeman who checked the site of the accident within an hour of its occurrence found most of the dirt on the bus's side of the road, with skid marks ending near the center of the road and angled toward the bus's side of it. He admitted seeing cuts in the paving on the Ford's side of the road, judged they were beyond the point of impact and were cut by metal because of their depth, and attributed them to the damaged Ford.

If we concede for the sake of argument that the driver of the bus failed to dim his lights, the driver of the Ford, nevertheless, had the duty of having his automobile under such control that he could proceed with reasonable care in the circumstances. A driver blinded by lights of an approaching vehicle may not assume that the road ahead of him is clear, nor must he proceed at his peril or necessarily stop, but a driver so blinded is under a duty to slacken his speed and have his car under such control in the circumstances as ordinary care and precaution suggest or require. 22 A.L.R.2d 320, recent annotation on duty of

vehicle driver blinded by lights; Lexington-Hazard Express Co. v. Umberger, 243 Ky. 419, 48 S.W.2d 1066, 32 N.C.C.A. 212; Knight v. Silver Fleet Motor Express, 289 Ky. 661, 159 S.W.2d 1002; Wilson v. Dalton's Adm'r, 311 Ky. 285, 223 S.W.2d 978; Cumberland Quarries, Inc., v. Gibson, 312 Ky. 802, 229 S.W.2d 978. The abundant testimony that the Ford was traveling at high speed is confirmed by its triple somersault after the impact and its coming to a stop about 200 feet away. With the lights of the bus plainly visible for several hundred feet before the collision—so vividly visible that he claimed they blinded him so that he could not see the road outside their beam of light—the driver of the Ford was unable to avoid scraping along the side of the bus and shearing its left rear spring. In our opinion, the driver of the Ford clearly did not have his car under proper control, was guilty of contributory negligence as a matter of law, and the court should have directed a verdict in favor of the appellants. United Coach Corp. v. Finley, 243 Ky. 658, 49 S.W.2d 544.

Strictly speaking, there can be no contributory negligence when plaintiff's negligence alone causes the accident. 65 C.J.S., Negligence, § 116, pages 708, 709. However, we have assumed negligence on the part of the bus driver for the purpose of showing the duty of the Ford driver in the circumstances.

We are of the opinion that the trial court should have directed a verdict for the appellant, and the judgment is reversed.