Frank FENTRESS, Appellant,

v.

Harold P. HARDIN'S ADM'X, Ella Hardin, Appellee.

James FENTRESS, Suing by Next Friend, Frank Fentress, Appellant,

v.

Harold P. HARDIN'S ADM'X, Ella Hardin, Appellee.

Court of Appeals of Kentucky.

Dec. 10, 1954.

Trent & Beard, Hardinsburg, Allen P. Cubbage, Leitchfield, for appellants.

P. M. Basham, Hardinsburg, for appellee.

COMBS, Justice.

An automobile being driven by the appellant James Fentress collided head on with one being driven by Harold Hardin on Highway No. 65, about two miles north of Leitchfield. Hardin was killed and Fentress was injured. Separate actions were filed on behalf of each of the parties and were tried together. The appeal is from a judgment of $6,000 in favor of the administratrix of the estate of Harold Hardin.

Those experienced in the trial of negligence cases have learned to expect in most cases an irreconcilable conflict in the testimony. In many cases the conflict can be charged to the vagaries of memory, and can be rationalized at least in part on the theory that the witnesses see the accident from different vantage points. But no such charitable presumption can be indulged in this case. Although it is indisputably shown that this was a head-on collision on the west side of the highway, there is substantial proof in the record that the cars were traveling in the same direction. Both sides contend their driver was traveling south on Highway 65 toward the town of Leitchfield. The conclusion is inescapable that some of the witnesses are deliberately trying to confuse the issue and it is a poor commentary upon the efficiency of our investigative and judicial system that the perpetrators of such a deliberate hoax cannot be exposed and made to answer for their fraud.

■ Any analysis of the facts or discussion of legal principles would be futile since we cannot even ascertain from the record in which direction the automobiles were traveling. Some of the testimony heard by the jury was incompetent and prejudicial, but appellants have waived their right to rely on these errors either by failing to object to the testimony, or by failing to save an exception to the court's ruling on their objections.

■ There is one issue on which the parties have locked horns and on which we have decided to base our decision. It is said in both briefs that the principal question to be determined is the direction in which the cars were traveling. Since the accident happened on the west side of the highway, the car which was traveling north was on its wrong side of the road. Obviously, the proximate cause of the accident was the presence of this car on its left-hand side of the road. That being so, appellants' argument that the court erred in instructing on the question of speed is well taken.

There was testimony to the effect that the Fentress car was traveling around 50 miles per hour, and the condition of the road was such that the jury might have believed this was an excessive rate of speed. The Judge gave the usual stereotyped instruction on the duties of the respective drivers, including the duty of Fentress to drive at a rate of speed that was reasonable and proper, having regard for traffic and use of the highway. We have held in several cases, some of them fairly recent, that it is error to inject the question of speed into a case where it is apparent that the proximate cause of the accident was the presence on the wrong side of the highway of one of the cars involved in the accident.

In Brown v. Crumpton, Ky., 252 S.W.2d 670, 672, a truck traveling west toward Glasgow and a car going east toward Burkesville collided head on. Each of the parties claimed the other was on the wrong side of the road. There was testimony that the truck was traveling at approximately 50 miles per hour. An instruction was given on the question of the speed of the truck. The judgment was reversed because of the instruction, it being said in the opinion:

"Excessive speed of an automobile does not lead to liability unless it was the proximate cause of the injury, or, as a matter of defense, a contributing cause. If the appellants' truck was on its proper side of the road, its speed, even though it may have exceeded the legal rate, KRS 189.390(3), could have played no part in causing the accident."

Other cases to the same effect are Coe v. Adwell, Ky., 244 S.W.2d 737; Hatfield v. Sargent's Adm'x, 306 Ky. 782, 209 S.W.2d 306, and Rucker v. Clark, Ky., 239 S.W.2d 80.

The judgment is reversed because of the erroneous instruction as to speed, and the case is remanded for further proceedings consistent with this opinion.