**Amy M. BETTIS, Executrix of the Estate of Sherroll L. Bettis, Deceased, Appellant,**

v.

**Allen M. RICKETT et al., Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1958.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, J. R. Layman, Elizabethtown, for appellant.

J. W. Clements, Louisville, J. E. Wise, Elizabethtown, for appellee.

BIRD, Judge.

Sherroll L. Bettis was killed by defendant's automobile while walking across U. S. Highway 31–W in Hardin County, Kentucky. The executrix of his estate filed this action to recover damages for his death. The case was tried by a jury who returned a verdict for the defendants. A judgment was entered thereon and plaintiff appeals. An erroneous instruction is asserted as the sole ground for reversal. In defining the decedent's duties the court said:

"* * * to keep a lookout for approaching cars and if he saw, or by the exercise of ordinary care could have seen, the automobile which the defendant, Allen Rickett was driving, approaching, not to attempt to pass in front of it if it was so near to him that the driver could not by the exercise of ordinary care avoid striking him. * * *" (Our emphasis.)

It is insisted that the court erred in giving a specific instruction on the duty to keep a lookout. There are decisions of this Court holding such instructions to be prejudicially erroneous in pedestrian cases. The general rule thus established is well and briefly stated in Jackson's Adm'r v. Rose, 239 Ky. 754, 40 S.W.2d 343, 345;

"While, as already indicated, it was the duty of the plaintiff's decedent in crossing the highway to use ordinary care to learn of the approach of automobiles and to avoid being struck by them and in so doing to make use of his senses of sight and hearing, yet this court has never committed itself to the proposition that these specific elements of ordinary care upon the part of a pedestrian should be embodied in an instruction defining the degree of care he should exercise for his own safety.

"In the light of the authorities examined, we conclude that the lookout duty should have been omitted from the instruction under consideration and the jury told in substance that it was the duty of appellant's decedent to use ordinary care to learn of approach of defendant's car and to keep out of its way."

See also Igo v. Smith, 282 Ky. 336, 138 S.W.2d 497.

However, in Knight v. Silver Fleet Motor Express, 289 Ky. 661, 159 S.W.2d 1002, 1004, we sharply criticized the rule in saying:

"It is insisted that the law required of the decedent only the duty to exercise ordinary care for his own safety and that it was prejudicially erroneous to preface this requirement with the additional duty 'to keep a reasonable lookout'. Decisions of this Court holding that a pedestrian's only duty is to exercise ordinary care for his own safety are cited, together with others criticizing instructions imposing upon pedestrians varying types of 'lookout' duty under the particular facts disclosed. For example, we stated in the case of Igo v. Smith, 282 Ky. 336, 138 S.W.2d 497, that an instruction requiring a pedestrian on the highway to look in both directions to see if a car was approaching, was erroneous. But to say that a pedestrian walking upon a much traveled road should not be required in the exercise of ordinary care to keep a reasonable lookout would be equivalent to saying that he might walk along such a highway blindfolded and still not be guilty of negligence contributing to the injuries sustained through his collision with a passing vehicle."

In Price v. T. P. Taylor & Co., Inc., 302 Ky. 736, 196 S.W.2d 312, 314, we made the following observation:

" * * * The theory of contributory negligence is predicated upon the premise that there is a duty imposed upon all men to observe ordinary care for their own safety. In the exercise of ordinary care, ordinary prudence dictates that every person is to exercise his intelligence *and to make such use of his senses* in the interest of his own safety as a reasonably prudent person would exercise under like circumstances." (Our emphasis.)

Reason demands that we consider the use of the eyes and ears as requisite to the exercise of ordinary care to avoid injury in other negligence cases. Wherein, then, lies the error in a specific charge to use them in pedestrian cases? There is none. If there was ever a reason for the rule expressed in Jackson's Adm'r v. Rose and Igo v. Smith, supra, it has been lost in the modern aspect of highway usage. In pedestrian cases it may be, as pointed out in Hillman v. Hall, 311 Ky. 790, 225 S.W. 2d 667, that the common law instruction on the exercise of ordinary care is sufficient. Nevertheless, to hold that specification of duty in such cases constitutes prejudicial error is now illogical and arbitrary.

Finding no prejudicial error in the record the judgment is affirmed.