**GREYHOUND CORPORATION et al.,**
Appellants,

v.

**Shelby HOUNSHELL, Appellee.**

**GREYHOUND CORPORATION et al.,**
Appellants,

v.

**Ella MILLER, Administratrix of the Estate of Hargis Miller, Appellee.**

Court of Appeals of Kentucky.

April 21, 1961.

Rehearing Denied Dec. 8, 1961.

Stoll, Keenon & Park, Lexington, Ollie J. Cockrell, Kash Williams, Jackson, for appellants.

J. Douglas Graham, Campton, for appellees.

WILLIAMS, Judge.

In a collision between a Greyhound bus and a Studebaker automobile driven by Hargis Miller and in which Shelby Hounshell was a passenger, Miller was killed and Hounshell suffered severe injuries. Miller's administratrix and Hounshell brought actions for damages against The Greyhound Corporation and the bus driver. The ac-

tions were consolidated for trial and the jury returned a verdict of $10,000 for Miller's administratrix and $25,000 for Hounshell. The Greyhound Corporation and the bus driver have appealed from the judgments entered upon the verdict. Their primary contention is that their motions for a directed verdict, and for judgment notwithstanding the verdict, should have been sustained.

Hounshell was the only eyewitness to the accident to testify for the plaintiffs. (Other witnesses for the plaintiffs gave evidence only as to the location of the vehicles and other conditions after the collision.) His testimony was that as the Miller car came out of a curve to its right, around 9:00 p. m. on a winter night, the Greyhound bus was approaching from the opposite direction, around 100 yards away, with blinding lights. Miller applied his brakes and his car went into a "slide." The car "slid around in the road some" and when it got to within 40 or 50 feet of the bus the bus driver dimmed his lights and Miller then cut back to his side of the road. As he reached his side of the road the bus driver cut to the left and the two vehicles collided head-on. While Hounshell did not say in his direct testimony that the Miller car, as it first came out of the curve, was on its right side of the road, he did so state in a pretrial deposition which the defendants read to the jury.

The bus driver and ten passengers in the bus all testified that the Miller car came out of the curve on the wrong side of the road and continued on the wrong side to the collision. Most of them said that the bus remained on its proper side until the collision, and that the force of the collision knocked the front of the bus to the left. However, there was some testimony to indicate that the bus driver cut to the left a fraction of a second before the impact.

The position of the vehicles after the collision, and other conditions, establish convincingly that while the front end of the Miller car may have been on its right side of the highway at the moment of the collision the rear end was still on the wrong side, and that the two vehicles would have collided (although perhaps not head-on) even had the bus not been turned to the left.

As concerns the matter of lights, the bus driver at one point testified that he dimmed his lights after he observed the Miller car coming towards him in the wrong lane, and at another point he said that his lights were dimmed to begin with.

■ As we view the evidence there is no basis for a conclusion that the cutting of the bus to the left a moment before the collision (if it was so cut) was a proximate cause of the collision, since at the time of the cutting the collision was inevitable. So if there is any ground of liability of the bus company and driver it must be in regard to the lights.

■ Under KRS 189.040(5) the bus driver was required to dim his lights upon approaching an oncoming vehicle within 500 feet. There was evidence warranting a conclusion that he did not dim his lights promptly when the Miller car first came into his view less than 500 feet away. This violation of a highway safety statute would constitute negligence as a matter of law. Andricus' Adm'r v. Pineville Coal Co., 121 Ky. 724, 90 S.W. 233; Saddler v. Parham, Ky., 249 S.W.2d 945. The question remains whether such negligence was the proximate cause of the accident. We do not think the evidence so indicates.

■ There is no question but that the driver of the car (Miller) was negligent. The physical facts conclusively show he did not have control of his car after he applied the brakes. As heretofore pointed out, the collision would have occurred regardless of the position of the bus. Even if we assume that Miller was blinded by the lights of the

bus, nevertheless he obviously did not have his car under such control as ordinary care required. In Harris v. Luster, Ky., 259 S.W.2d 489, 490, we said:

"* * * A driver blinded by lights of an approaching vehicle may not assume that the road ahead of him is clear, nor must he proceed at his peril or necessarily stop, but a driver so blinded is under a duty to slacken his speed and have his car under such control in the circumstances as ordinary care and precaution suggest or require. * * *"

Although Miller applied the brakes to slacken his speed, at the same time he lost control of the car and slid into the wrong traffic lane. He was in the wrong lane when the accident occurred. Had he had his car under such control as ordinary care and precaution require it would not have slid into the wrong lane when the brakes were applied. Rather it would have remained in the proper traffic lane and the two vehicles would have passed unharmed. Miller was clearly negligent by his failure to have his car under proper control, and such negligence was the sole proximate cause of the accident.

We find no merit to the other points raised by appellants as grounds for reversal.

The judgments are reversed, and the trial court is directed to enter judgments n. o. v. in accordance with motions made by appellants. PALMORE and MOREMEN, JJ., dissenting.

PALMORE, Judge (dissenting).

The majority opinion substitutes the judgment of this court for that of the jury in determining the following two factual questions:

(1) Whether the bus driver's failure to dim his headlights was a causative factor in the accident.

(2) Whether Miller's handling of his automobile upon being confronted by the "blinding lights" of the bus was negligent.

In adopting the theory that the lights were not a proximate cause because Miller did not have his car under control and was on the wrong side, hence the collision would have occurred anyway, the opinion rejects the possibility (which the jury had a right to find as a fact) that the lights were the cause of the car's being on the wrong side in the first place.

If the majority viewpoint on the second point were predicated on the theory that there was not enough evidence to show that Miller (who did not live to testify) actually was blinded by the lights, I think it might be sound. But in holding that Miller was contributorily negligent as a matter of law it apparently construes Harris v. Luster, Ky.1953, 259 S.W.2d 489, as meaning that one who loses his bearing on the highway as the result of the negligent failure of an oncoming driver to deflect his lights is necessarily and always negligent. This construction destroys the effect of the statute requiring the dimming of lights. KRS 189.040(5). I believe the Harris case was decided on the basis of a stronger fact situation and was not intended to have such a broad effect.

Under no reasonable theory can I agree that the non-negligent passenger was not entitled to have his case submitted to the jury.

MOREMEN, J., concurs in this dissent.