George D. BARKER, Administrator of the Estate of Maut Estes, Deceased, Appellant,

v.

DANVILLE CONSTRUCTION COMPANY and Jackie Lee Hammons, Appellees.

Court of Appeals of Kentucky.

April 23, 1965.

John L. Ward, Danville, for appellant.

James F. Clay, James F. Clay, Jr., Pierce Lively, Danville, for appellees.

J. W. HODGES, Special Commissioner.

This appeal is from a judgment for the defendants in an action for damages for the death of a 77-year-old man, Maut Estes, whose death was caused by being run over by a dump truck owned by the Danville Construction Company and driven by Jackie Lee Hammons.

On July 23, 1963, the appellee, Danville Construction Company, undertook to blacktop Shearin Avenue in Shelby City, Boyle County, Kentucky. Appellee, Jackie Lee Hammons, was an employee of the Danville Construction Company, engaged in operating one of its trucks. Shearin Avenue is a dead-end street extending east for about one block from U. S. Highway 127. There are houses built on both sides of the street, but there are no sidewalks on either side. The blacktopping was started at the dead end and on the north side of the street.

At about 2:30 in the afternoon the paving machine was located on the north side of the street and nearer the east end. Drivers engaged in hauling blacktop would turn their trucks at Highway 127 and back down Shearin Avenue to the paving machine where they would dump the blacktop. Maut Estes lived on Shearin Avenue between the intersection of U. S. Highway 127 and the point where the paving machine was operating.

Mrs. Jones, a witness, sitting in her back yard, saw the deceased walking eastward on the north side of the street. A very short time later, she learned that he had been run over, a very short distance from where she had seen him walking. Marvin Wilson, another truck driver for the defendant construction company, who had stopped for the purpose of removing the tarpaulin from his truck prior to dumping the blacktop into the paver, saw the deceased being run over by the truck. At that time the deceased was on the north edge of the highway and the rear wheel of the truck operated by Hammons was passing over the body of the deceased at about the belt line.

At the conclusion of the proof, the lower court directed the jury to find for the defendants on the ground that a person who goes upon a highway at other than an intersection must yield to vehicles.

The appellant contends that: (1) The court erred in giving a directed verdict; (2) the court erred in not permitting plaintiff to read to the jury a sworn statement given by the truck driver; (3) the court erred in refusing to permit plaintiff to prove that no warning signs were posted by the construction company and no flagman was stationed upon the highway.

The lower court, in directing the jury to find for the defendants, mentioned a statute as providing that other than at an intersection, a man or woman who goes upon a highway must yield to a vehicle. Counsel for appellees cite KRS 189.570(4), together with a number of cases in support of the court's ruling. This section of the statute and all of the cases cited by appellees' counsel have to do with pedestrians crossing

the street at a point other than within a marked crosswalk.

There is no evidence in this case that Maut Estes was attempting to cross the street. The evidence shows that he was walking on the left side of Shearin Avenue in the direction he was traveling, in compliance with KRS 189.570(6), and that he was struck by the truck from his rear while the truck was being operated in reverse on its wrong side of the street.

■ The fact that the deceased was proceeding along the street, as the proof shows he was, does not make him, as a matter of law, guilty of contributory negligence. See Igo v. Smith, 282 Ky. 336, 138 S.W.2d 497. The driver of an automobile owes to pedestrians walking along a highway the duty to exercise reasonable care to avoid injuring them. See Chaney v. Holliday's Admr., 235 Ky. 610, 31 S.W.2d 926; Tri-State Refining Company v. Skaggs, 223 Ky. 731, 4 S.W.2d 739.

The decedent had the right to be on the side of the street and to have that right regarded by the driver of the truck, who was charged with the duty of exercising care to avoid injuring a pedestrian walking along the edge of the road. See Hatfield, et al. v. Sargent's Admx., 306 Ky. 782, 209 S.W.2d 306.

The driver of the truck testified that he never saw the deceased until after his truck was stopped and it was called to his attention by Wilson, the driver of the truck who was parked behind him.

■ The case should have been submitted to the jury under proper instructions setting out the duties of the truck driver and the deceased. See Hatfield et al. v. Sargent's Admx., 306 Ky. 782, 209 S.W.2d 306.

■ Counsel for appellant complains that the court erred in refusing to permit him to impeach the testimony of the appellee Hammons by a contradictory statement made by him. The statement was made some ten or twelve days after the accident and was not a part of the res gestae. The statement could not be considered as substantive testimony against the appellee company. It was, however, competent for the purpose for which it was offered, with a proper admonition by the court. See Knight v. Silver Fleet Motor Express, 289 Ky. 661, 159 S.W.2d 1002; Hatfield et al. v. Sargent's Admx., 306 Ky. 782, 209 S.W.2d 306.

■ The other complaint by the appellant is that he was not permitted to show that no signs were in place indicating that the road was under construction, nor was there any flagman present. All of the cases cited by the plaintiff concerning the placing of signs on a highway have to do with injuries as a result of striking machinery, equipment, or road obstructions, and we are of the opinion that under circumstances such as shown in this case, the deceased knew of the road construction and had observed it. The failure to have signs posted had nothing to do with the accident.

The judgment of the lower court is reversed, with directions to grant appellant a new trial in conformity with this opinion.