**LOUISVILLE TRANSIT COMPANY and William G. Baker, Appellants,**

**v.**

**Henry UNDERHILL, Appellee.**

Court of Appeals of Kentucky.

Nov. 13, 1969.

John E. Tarrant, Marvin J. Hirn, Bullitt, Dawson & Tarrant, Louisville, for appellants.

Cecil Davenport, Edward Phillips, Louisville, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

Henry Underhill, plaintiff-appellee, suffered personal injuries in a bus-pedestrian accident which occurred on May 5, 1967, at approximately 5:30 p. m., in the vicinity of Fourth Street and Central Avenue in Louisville, Kentucky. Underhill brought this negligence action against the Louisville Transit Company, owner of the bus, and William G. Baker, driver of the bus involved. Appellee alleged his injuries resulted from the negligent operation of the bus.

In the trial court, a jury awarded the appellee damages in the amount of $8,420. On this appeal, appellants contend the trial court erred by its failure to direct a verdict for the appellants or refusing to sustain their motion to set aside the verdict and judgment; that the court erred in the instructions it gave the jury, and that the trial court's refusal to admit into evidence certain photographic exhibits offered by appellants and the comments by the trial judge pertaining to the three photographs he rejected are reversible errors.

Appellee is a fifty-one-year-old truck driver. His sole occupation is transporting race horses to and from various racetracks around the country. In fact, his job accounts for the reason appellee happened to be in Louisville on May 5, 1967, which was the day before the Kentucky Derby. At the time of the accident, appellee was on Fourth Street and had stopped at a liquor store. This liquor store is located on the west side of Fourth Street, approximately 100 feet north of the intersection of Fourth Street and Central Avenue. Appellee looked out of the liquor store and saw a friend on the opposite side of Fourth Street. He came out of the store and tried to attract the attention of his friend. While standing on the sidewalk between a utility pole and a guy wire, which the evidence shows to be five to six inches from the edge of the curb, the appellee was struck by the bus. The force of the impact knocked the appellee across the sidewalk a distance of twenty feet. Medical testimony introduced by the appellee shows he suffered a laceration behind his left ear, an injury to his neck, a fracture in his right wrist, and an injury to the cervical and lumbosacral regions of his spine. There is no controversy about the nature and extent of the injuries appellee received.

The driver of the bus, Baker, testified he was going south on Fourth Street at a speed between five and ten miles per hour in the traffic lane next to the curb. He further stated he intended to stop at a bus stop at the intersection of Fourth and Central. As he was approaching the bus stop he heard a "thump" on the side of his bus and stopped the bus immediately and got out, at which time he first saw the appellee.

We deal with the assignment of errors in the order presented by the appellants. The first alleged error was the refusal of the trial court to grant appellants a directed verdict and the refusal to grant their motion to set aside the verdict and judgment. Appellants contend the appellee failed to establish any facts showing the appellants were negligent or facts from which the jury could infer negligence by the appellants.

There is an established principle of law that holds it is the duty of the trial court on a motion for a directed verdict to examine the evidence and determine whether there is substantial evidence which would sustain a verdict.

We have made an extensive review of the evidence. The evidence clearly shows at least three witnesses, in addition to appellee, testified the appellee was standing on the sidewalk between the utility pole and guy wire immediately prior to the accident. Two of these witnesses were called by the appellee, but the other one had been called by the appellants. The only evidence contrary to the evidence showing the appellee was standing on the sidewalk prior to the accident was the testimony of one of the bus passengers, a Mrs. Easton. Mrs. Easton testified she was sitting on the right side of the bus in the second seat. This was the approximate area of the bus that struck the appellee. When asked if she observed the accident, she testified:

> "Well, all of a sudden there was this man's face looked like he was, you know, taking a step towards the bus and about that time I hollered and everyone else on the bus hollered too. I looked him right in the face right out the window."

No evidence was presented showing the appellee was walking toward the curb at the exact time of impact, which was the principal contention of the appellants. Even the testimony of Mrs. Easton falls short of being conclusive since she was unable to testify she saw the appellee walking toward the curb.

Another conflict in the evidence relates to how far the bus had traveled in the lane adjacent to the curb. Two of the bus passengers and the bus driver testified the bus had remained in the same lane for several blocks. An operator of a newsstand on the sidewalk near the scene of the accident also testified he had last noticed the bus while it was in the adjoining block, but it was in the curb lane at that time. In sharp contrast was the testimony of one of the witnesses called by the appellee. The witness testified he specifically remembered an illegally-parked car in the curb lane which made it necessary for the bus to swing out into the traffic and then back into the curb. According to his testimony, the bus struck the appellee as it was returning to the curb lane. The appellee stated he could not testify on the approach of the bus since he never saw the bus prior to the time it struck him.

Another pedestrian-bus accident case involving a factual situation very similar to this one was Cincinnati, Newport & Covington Ry. Co., Inc. v. Henneberry, Ky., 253 S.W.2d 7. There a pedestrian was struck by a bus while standing on the sidewalk. This court held that where there was conflicting evidence as to whether a pedestrian was standing on the sidewalk when struck or had stepped from the sidewalk into the side of the bus, an issue of fact was presented for the jury. In the present case, we are confronted with precisely the same issue, and this court sees no valid reason to now hold otherwise.

The appellants contend that no evidence was presented which would indicate any negligence by them. The position taken by the appellants relating to the issue of negligence is clearly wrong since there was evidence of negligence. The testimony of several witnesses, including the bus driver, as well as the photographs taken of the bus after the accident, shows the bus was close to the curb. This court has held a bus company to be negligent where the operation of a bus was in such close proximity to the curb as to strike a pedestrian standing on the sidewalk. Cincinnati, Newport & Covington Ry. Co., Inc. v. Henneberry, supra.

A sidewalk is for the sole use of pedestrians, and a pedestrian standing thereon is entitled to assume there is no danger from vehicular traffic as long as he remains on the sidewalk. Motor vehicles operating parallel to a sidewalk must remain a reasonable distance from the curb

in order to assure the safety of pedestrians using the sidewalk. There was evidence that appellants' bus was operating too close to the curb, thus allowing the bus to strike the appellee. In situations where the evidence shows a motor vehicle was too close to a curb and there remains some question whether or not the pedestrian was at fault, the case should go to the jury.

The second error complained of by the appellants was the failure of the trial court to instruct the jury as to a pedestrian's duty to remain wholly within the sidewalk and if he extends any portion of his body beyond the curb edge to yield the right-of-way to vehicular traffic.

Counsel for appellants in his cross-examination of the appellee attempted to ascertain whether or not the appellee at any time prior to the accident extended any portion of his body beyond the curb. Appellee was unable to clarify the issue since he could not state whether or not he extended beyond the curb. However, appellee was certain he was standing on the sidewalk. No evidence was presented showing that any witness observed that the appellee walked into the side of the bus. The only evidence presented by the appellants which could possibly lead to an inference that the appellee walked into the side of the bus was the testimony of Mrs. Easton, a bus passenger. Yet even Mrs. Easton was unable to testify she saw the appellee walk into the side of the bus. Mrs. Easton testified she saw only the appellee's face in the window, and it appeared he took a step toward the bus. Common sense tells us the appellee's face would be very close to the window at the moment of impact.

The only basis for the instructions proposed by the appellants was the conclusion offered by Mrs. Easton that the appellee stepped toward the bus. It is our conclusion appellants' evidence failed to support the instructions offered by them. Therefore, the trial court was correct in giving its own instructions based on previous cases. Cincinnati, Newport & Covington Ry. Co., Inc. v. Henneberry, supra, and Tri-State Refining Co. v. Skaggs, 223 Ky. 731, 4 S.W.2d 739.

We find no error in the refusal of the trial court to admit three of appellants' photographs of the accident scene which included two policemen. The other two photographs which were admitted showed essentially the same scene but without the policemen. We also find prejudice did not result from the trial judge's comments relating to the excluded photographs. The trial judge's comments were to the effect the presence of policemen in the excluded photographs tended to indicate they were "posed," and we agree.

The judgment is affirmed.

All concur.